## CROWE et al. v. UNION AUTOMOBILE INS. CO. et al.

### No. 3127.

Court of Civil Appeals of Texas. El Paso. Jan. 17, 1935.

Rehearing Granted Feb. 7, 1935.

Rehearing Denied Feb. 21, 1935.

E. G. Senter, of Dallas, for plaintiffs in error.

Claude R. Miller and Touchstone, Wight, Gormley & Price, all of Dallas, for defendants in error.

WALTHALL, Justice.

At a former day of the present term of this court we rendered an opinion in this case. We have concluded to withdraw that opinion and to more fully state the nature and result of the suit, and to that end we enter the following as the disposition we make of the case:

Statement of the Nature and Result of the Suit.

In this statement we will designate the parties, respectively, as plaintiff and defendant, as in the pleadings.

On August 17, 1931, the Union Automobile Insurance Company, a California corporation, as plaintiff, brought this suit in the district court of Dallas county, Tex., against defendants, Hugh Crowe and Roland Kay, "as trading as Crowe-Kay & Company," and alleged that, "at the special instance and request of defendant," it sold and delivered to the defendant, as buyer, the goods, wares, and merchandise shown in its itemized account. The petition then itemizes the account, stating the insurance policy, its number, the assured, and the premium, totaling, in the nineteen items, the sum of $887.28, less the commission of $294.55, for which it sues.

The account was duly verified under the statute. Plaintiff asked judgment against "defendant" for said sum.

Defendants answered individually by general demurrer, general denial, and Hugh Crowe specially pleaded in reconvention to the effect that plaintiff executed to him a policy of insurance covering an automobile owned by him, and in said policy agreed to indemnify him against loss and damage caused by accidental collision with another automobile, vehicle, or object, and also indemnified against damage for bodily injuries accidentally suffered by any person or persons as the result of an accident occurring while the policy was in force, and that said policy, by its terms, includes all members of his household or any person riding in or operating any automobile covered by the policy. Defendant Crowe then alleged that each of said contingencies had happened, the automobile had collided with another automobile, and the automobile sustained damages in the sum of $70; that, while riding in said automobile with him, his wife, Elizabeth Hunt Crowe, and his aunt, Mamie Potts Kern, had received personal injuries as a result of said collision, the extent of the damages in each instance was stated separately, and aggregated $4,570, for which defendant asked judgment.

As to defendant Hugh Crowe's plea in reconvention, plaintiff filed a verified plea in abatement to the effect that said cross-action was a misjoinder of causes of action and parties, plaintiffs' suit being upon contract for debt for goods sold and delivered, and defendant's cross-action growing out of an insurance policy issued by plaintiff to defendant Crowe, a member of the partnership of Crowe-Kay Insurance Company, insuring Crowe's private automobile.

Defendant's next pleading is what is designated "defendant's first supplemental answer and application for appointment of receiver." It is in the nature of a plea in abatement. It insists that "plaintiff cannot maintain this action for this," in substance, that theretofore plaintiff, an insolvent corporation, transferred all of its business and properties to the Union Automobile & Casualty Corporation; that the last-named corporation became insolvent and passed into the hands of the insurance commissioner of California for liquidation; that plaintiff's transaction of business in Texas was a fraud, it being insolvent; that it caused and procured the defendants herein to issue policies of insurance to persons and firms and corporations in Texas, knowing it was without assets, etc.; that the insurance department of Texas was deceived by plaintiff's representations of solvency, and thereby caused to issue a permit to do business, etc.; that the insurance department has declared its willingness to co-operate with holders of claims against either or both of said corporations, etc.; that claimholders, "including these defendants," will recover nothing, unless some assets may be discovered in Texas. Defendants then asked for the appointment of an ancillary receiver for both corporations, etc., with directions as suggested. The pleading was verified. Attached to the plea were two exhibits; one a letter from California, from H. A. Benjamin, signing his name as special deputy insurance commissioner, in which he answered a letter of inquiry and advises the attorney for defendants as to the assets and liabilities of the two corporations, and that the Union Automobile & Casualty Company was placed in the hands of the insurance department in 1932.

The other exhibit is a letter in reply to a letter from attorney for defendants addressed to the insurance commissioner of California. The letter informed the inquirer of the matters between the two corporations in California that the casualty company on its own motion ceased writing business, stating time; its assets were impaired; stated that Mr. J. L. Maritzen of California was plaintiff's president and legal representative.

The next pleading in order is a verified plea in abatement filed by plaintiff to defendant's supplemental answer. It alleges that only the commissioner of insurance of Texas and the Attorney General of Texas are entitled to maintain an action for receivership of an insurance company doing business in Texas, and that neither had asked for the appointment of a receiver, and that there is no pleading of a receivership anywhere to which a receivership sought could be ancillary.

The next pleading in order is defendant's first amended original answer. It consists of a plea in abatement repleading in effect their former plea and plaintiff's insolvency and that it has no legal existence; it restates the matter of the two corporations in California, their insolvency, the transfer by plaintiff of its property to the other corporation, and other matters we need not restate. They then pleaded, under oath, that at the time of the transactions set out in plaintiff's petition there was no such firm in existence as Hugh Crowe and Roland Kay, trading as Crowe-Kay & Co.; that no partnership between them existed at such time; and that no such claim or account as sued upon was ever contracted or made by defendants trading as Crowe-Kay Company.

Defendant excepted to the plaintiff's verified account on the ground that the account is not based upon the sale of goods, wares, and merchandise.

Defendant pleaded general denial, pleaded the statute of limitation of two years, repleaded the cross-action as in their former pleading, stated above.

Plaintiff, on October 31, 1933, filed a motion to substitute E. Forrest Mitchell as plaintiff. E. Forrest Mitchell thereupon filed plaintiff's first amended original petition in which plaintiff alleged that the corporation, Union Automobile Insurance Company, sold and delivered to defendants, Hugh Crowe and Roland Kay, as buyers in regular course of business, insurance protection for resale to the various individuals named in the list, itemizing the sale list as in the former pleading, which plaintiff alleged existed in open account between the corporation and defendants, the defendants acting as local agents for the purpose of selling insurance for said corporation; that the claims as listed are liquidated money demands based upon business dealings between the parties; that defendants thereby became bound to pay plaintiff on demand so much money as such insurance policies and insurance protection were reasonably worth, and that the amount set out beside each policy is a reasonable and customary amount for such insurance policies and such insurance protection; that defendants in turn sold and delivered the policies to the individuals named, and repleaded and listed the same as in the original petition, and exhibited same and attached the exhibit to and made it a part of the petition. The account is duly verified by the substitute plaintiff.

Plaintiff exhibited with the above, and made same a part of the record, a letter from E. Forrest Mitchell, as insurance commissioner, liquidator Union Automobile & Casualty Company, by W. A. Benjamin, special deputy, authorizing E. Forrest Mitchell, as such commissioner, to be substituted as plaintiff. The trial court, on the date of the filing of the motion and amended petition, by order substituted E. Forrest Mitchell as plaintiff.

Defendant Hugh Crowe on October 31, 1933, filed his first application for a continuance. The motion is lengthy. The grounds stated, as we view it, are purely personal to the attorney for defendant, and appealed only to the discretion of the trial court. We need not further state the grounds of the motion. The court overruled the motion. On November 2, 1933, defendant Crowe filed second supplemental answer in which defendant asks the court to set aside the former orders denying the appointment of a receiver, and the order permitting E. Forrest Mitchell to be substituted as plaintiff; that defendant's attorney is engaged in other litigation that occupies his time at the time this case is set for trial; the answer goes into detail as to the condition of affairs between the two corporations in the state of California, the insolvency of the two corporations, certain representations made to him as agent for the plaintiff corporation, and that, by reason of the insolvency of the plaintiff corporation, the policyholders to whom he issued policies have no valuable assets; that defendant has thereby sustained loss and damage, stating the amount. Defendant adopts and makes as part of his answer his first amended original answer.

Substitute plaintiff, on November, 1933, filed his first supplemental petition consisting of a general demurrer and some seventeen special exceptions.

The case finally went to trial.

The court in the judgment granted leave to E. Forrest Mitchell, insurance commissioner of California, to prosecute the suit and file the amended pleading; overruled defendant's motion for continuance; overruled defendant's application to have R. L. Daniel made a party to the suit; overruled defendant's exceptions to plaintiff's sworn account; sustained plaintiff's plea in abatement, and granted defendants leave to file a second supplemental answer, granted plaintiff leave to file a supplemental petition and sustained the general and special exceptions contained therein; overruled defendant's motion for peremptory instruction for a verdict in their favor; the court heard the evidence, and, on plaintiff's motion, the court instructed a verdict in favor of plaintiff as against each of defendants for the amount sued for—to all of which defendants excepted and prosecute this appeal by writ of error.

### Opinion.

Plaintiffs in error (here referred to as defendants) filed a brief of some seventy pages.

We feel that it is unnecessary to discuss separately each of the propositions presented by plaintiffs in error.

The court was not in error in permitting E. Forrest Mitchell to be substituted as plaintiff in the case. The new plaintiff assumes all of the burdens of plaintiff's cause of action, and it is not made to appear that

the defendants are thereby deprived of any substantial defense.

■ While defendants' application for continuance was their first application, we have considered it with reference to the issues tendered, and have concluded that the refusal of the court to grant the motion does not present reversible error. The cause of action of the substitute plaintiff was a verified account as to each item of the previous verified account. The defense as to the account, considered later, was more of law than of fact. The only material change in the plaintiff's pleading was that in the amended petition plaintiff sued the defendants individually and not as a partnership or in a partnership capacity. We think, outside of the matters peculiarly applicable to defendants' attorney, his business in other courts, the grounds for the requested continuance, makes no reference to any defensive fact as to the account sued on as a whole or any item therein.

Defendant Crowe's fourth proposition submits error in sustaining "plaintiff's general and special exceptions as contained in its First Supplemental Petition to the allegations contained in defendants' second supplemental answer, said answer and said exceptions as follows: [Then follow some seventeen stated grounds, objections to the substitute plaintiff as a party to the suit; overruling defendants' motion to transfer the case for trial to another court; refusal of the court to pass the case to another day for trial; refusal to appoint a receiver; refusal to await some matter of evidence to show an alleged fraudulent appropriation of the assets of the plaintiff corporation in order to defeat its creditors of which defendant Hugh Crowe was its Dallas local agent.]" Under this proposition defendants refer to all of their pleadings to which plaintiff's nineteen exceptions are directed. While we think the proposition is multifarious we have reviewed each ground stated and have concluded that the court was not in error in sustaining each exception to which it refers.

■ Defendants submit error in overruling their exception to plaintiff's verified account. The insistence of defendants is to the effect that the items of the account are not such as can be made the basis of a verified account under the statute, not being for the "sale of goods, wares and merchandise."

Article 3736 of the R. C. S. 1925, as amended by 42d Leg. p. 393, c. 239, § 1 (Vernon's Ann. Civ. St. art. 3736), reads, in part, as follows: "When any action or defense is founded upon an open account, or other claim or claims for goods, wares and merchandise, including claims or suits * * * based on business dealings between the parties * * * on which a systematic record of said account has been kept, supported by the affidavit of the party, his agent or attorney, * * * to the effect," etc., the same is taken as prima facie evidence thereof, unless, etc. The items of the account need not be the result of a "sale," as suggested by defendants, although so pleaded by plaintiff. It is an action founded on open account for goods, wares, and merchandise.

The phrase, "goods, wares and merchandise" is of large signification both at common law and under the various statutes; speaking generally, the words taken together are equivalent to the term "personal property." They are constantly used in legal and common parlance to designate whatever species of property is not embraced by the phrase "lands, tenements and hereditaments," every species of property which is not real estate or freehold. 28 C. J. p. 726 and 727, par. 12, and cases used. Duree v. Aetna Ins. Co. et al. (Tex. Civ. App.) 66 S.W.(2d) 764. We have concluded the account as itemized and verified comes within the terms of the statute.

It was not error to admit the letters read in evidence. The evidence, we think, sufficiently shows they were written by defendant Crowe, and the contents were material to the case; while not itemized in the letter, they show an admission of the indebtedness.

■ The court was not in error in refusing to instruct the verdict in favor of the defendant Crowe.

■ In our opinion, the record wholly fails to show any contractual relation between the plaintiff company and defendant Roland Kay. In order to have the account provable by affidavit in the statutory manner, such account must exist by virtue of a contract, express or implied, between the parties to the suit. Texas Juris. p. 342, par. 45, and the authorities cited under note. The record sufficiently shows such contractual relation as to defendant Hugh Crowe, but we have found no evidence in the record to show any contractual relation as to Roland Kay.

The case is affirmed as to Hugh Crowe, but is reversed as to Roland Kay, and judgment is here rendered that plaintiff take nothing as to him.

Affirmed in part, and reversed and rendered in part.