RADIO KOKE, INC., Appellant,

v.

Arthur TIEMANN, dba Rhoades Transfer & Storage Co., Appellee.

No. 11183.

Court of Civil Appeals of Texas.

Austin.

May 6, 1964.

Rehearing Denied May 27, 1964.

953

————◆————

Kemp & Prud'homme, John S. Neilson, Jr., Austin, for appellant.

Will Cowan, Austin, L. Hamilton Lowe, Austin, for appellee.

HUGHES, Justice.

Arthur Tiemann, dba Rhoades Transfer & Storage Co., sued Radio KOKE, Inc., appellant, to recover the cost of moving the household effects of Joe Watson from San Angelo to Austin at the special instance and request of appellant and for the cost of moving the household effects of David Lee White from Austin to Garland at the special instance and request of appellant, and for reasonable attorney's fees. Trial to a jury resulted in judgment for appellee in the sum of $1,128.82, which amount included $350.00 for attorney's fees.

Appellant concedes that it authorized Mr. Watson and Mr. White to contract for the hauling done by appellee and that the charges therefor are reasonable. The point of difference is that appellant contends that it did not agree to pay appellee in cash but that it only agreed to pay in advertising over its radio stations. This type of agreement is called a "tradeout." The evidence on this issue was conflicting and the jury resolved the conflict in favor of appellee.

■ Appellant objects to the form of special issue No. 1 inquiring whether or not appellee performed the services and labor shown by its itemized bills for moving Mr. Watson and Mr. White, saying the issue was multifarious.

In our opinion there was no need to submit this issue to the jury since the evidence was undisputed that appellee moved the effects of Mr. Watson and Mr. White and appellant admitted that the charges therefor were reasonable.

■ Appellant's second and third points are that the Trial Court erred in refusing to submit to the jury its following requested special issues:

"Do you find from a preponderance of the evidence that Joe Watson had authority from the management of Radio KOKE, Inc., to bind Radio KOKE, Inc., to pay cash for his family to move from San Angelo, Texas, to Austin, Texas? * * *

"Do you find from a preponderance of the evidence that Davey Lee White had authority from the management of Radio KOKE, Inc., to bind Radio KOKE, Inc., to pay cash for him and his family to move from Austin, Texas, to Garland, Dallas County, Texas?"

The Trial Court did submit the following issue:

"Do you find from a preponderance of the evidence that in the agreement between Rhoades Transfer and Radio KOKE, Inc., that Radio KOKE, Inc. agreed only to give an equal amount of radio advertising to Rhoades Transfer as the cost of the moves?

"Answer 'Yes' or 'No.'"

It is obvious that these issues, those requested and the one given, cover the same ground. The Trial Court combined the issues requested by appellant into a single issue. No objection to this issue or its submission was made by appellant. The testimony of the parties relative to the authority of Mr. Watson and Mr. White to contract with appellee on a cash or "trade out" basis is subject only to a "yes" or "no" answer as to both moves. Neither party testified that the authority of the agents, Mr. Watson and Mr. White, to contract for ap-

pellant differed in any respect. Under these circumstances we hold that the Trial Court did not err as appellant contends, or that if he did err it is harmless error under Rule 434, Texas Rules Civil Procedure.

Appellant's last two points are to the effect that the Trial Court erred in allowing the recovery of attorney's fees in this case. We are of the opinion that these points should be sustained.

Art. 2226, Vernon's Ann.Tex.St., provides, in part, that, "Any person having a valid claim against a person or corporation for personal services rendered, labor done * * * or suits founded upon a sworn account or accounts * * *" may, under certain conditions, recover reasonable attorney's fees.

We set out the "accounts" upon which this suit was based:

"Moving H. H. Goods of Mr. Joe Watson from San Angelo, Tex.

| | | |
|---|---:|---:|
| to Austin, Tex. | 335 35 | |
| 1 Extra Stop | 7 50 | |
| Packing | 107 25 | |
| Insurance | 28 00 | 478 10 |

Moving H. H. Goods of Mr. David Lee from Austin, Texas to

| | | |
|---|---:|---:|
| Garland, Texas | 181 72 | |
| Packing | 119 00 | 300 72" |

■ Appellee does not contend that this suit is a suit upon a "sworn account" within the meaning of Art. 2226. Clearly it is not. Van Zandt v. Fort Worth Press, Tex.Sup., 359 S.W.2d 893.

Appellee's claim for attorney's fees is based upon the contention that it rendered "personal services" for appellant when it moved household effects from one town to another.

■■ It is a matter of common knowledge that transfer companies use large trucks and other equipment in transporting household goods. It is also common knowledge that labor is performed in hoisting ice boxes and pianos on trucks and that other labor and personal services are rendered in moving family household effects. On the other hand, large and expensive equipment is utilized in moving such effects and other items such as insurance and overhead expenses go into the charge made for such hauling.

■ If, as was not done here, the wages paid employes for their work actually done in moving these goods were separately itemized a claim for attorney's fees based on such wages could probably be made under the statute. Where no itemization is made and machinery and equipment are used it is our opinion that the validity of the claim for attorney's fees is to be determined by comparing the charge made with the amount of labor done or personal services rendered and the machinery and equipment used. If the contribution of machinery and equipment employed to achieve the object of the contract is in great disproportion to the amount of labor or personal services involved then attorney's fees should not be allowed for a single charge. As an example, if a train crew of three or four men operate a 100 car freight train it would be ridiculous to say that these men rendered personal services or labor to the extent and value of the charges made for hauling thousands of tons of freight. On the other extreme, if a laborer is employed to dig a ditch and he uses his own pick and shovel, it would be ridiculous to say that he did not labor within the meaning of Art. 2226.

■ It is our opinion that appellee did not discharge the burden cast upon it to show that the charges made were primarily and predominantly for labor done or personal services rendered.

The judgment of the Trial Court is reformed by deleting the recovery of $350.00 for attorney's fees and as reformed the judgment of the Trial Court is affirmed. Costs of appeal are assessed against appellee.

Reformed and as reformed, affirmed.