Bernard J. DOLENZ, M.D., Appellant,

v.

EMPLOYERS CASUALTY COMPANY, Appellee.

No. 17462.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 11, 1974.

Sears, Parker, Quisenberry & Spurlock, and Craig D. Caldwell, Fort Worth, for appellant.

James W. Young, Arlington, for appellee.

## OPINION

BREWSTER, Justice.

Employers Casualty Company brought this suit against Dr. Bernard J. Dolenz to recover for insurance premiums that were allegedly owed to plaintiff by the defendant. The trial court rendered a summary judgment in plaintiff's favor and against the defendant for $1,412.26. Plaintiff sought the recovery from defendant of attorney's fees under Art. 2226, Vernon's Ann.Civ.St., on the theory that this was a suit on a sworn account and that attorney's fees were therefore recoverable under that statute. The defendant specially excepted to the allegations of the petition relating to the recovery of attorney's fees and the trial court sustained the exception. This resulted in plaintiff's prayer for an attorney's fee being denied. The defendant has appealed from the court's action in rendering the summary judgment against him and plaintiff has filed a cross-point complaining of the court's action in sustaining a special exception to the part of plaintiff's petition wherein a recovery of attorney's fees were sought.

We reverse and remand.

In defendant's two points of error he contends that the trial court erred in rendering summary judgment against him be-

cause (1) a fact question existed as to the issue of liability, and (2) a fact issue was present as to the amount of damages that were recoverable.

We sustain these points.

The plaintiff's petition was in the form of a suit on a sworn account as provided for in Rule 185, Texas Rules of Civil Procedure. Defendant filed a sworn answer pursuant to Rules 93 and 185. Therein he alleged that each and every item of the account sued on was not just or true. He further alleged that he was not liable in the capacity in which he was sued and that if plaintiff had a case at all, it was against HKM Properties, Inc., who bought the insurance, and not against him. Defendant further denied the genuineness of a written assignment purporting to have been executed by an authorized agent of Texas Employers' Insurance Association by which instrument it was claimed that Texas Employers' Insurance Association assigned to the plaintiff here a claim for $197.85 for insurance premiums that it had against defendant.

Plaintiff's motion for summary judgment was not sworn to. Attached to it were the affidavits of E. C. O'Neill and Gary Gilliland, both of whom swore that they were employees of both Employers Casualty Company and Texas Employers' Insurance Association. Also attached to the motion for summary judgment was an instrument labeled "Assignment" which purported to be an assignment from Texas Employers' Insurance Association to the plaintiff herein of a debt in the amount of $197.85 claimed to be owing to it by Sands Motel by reason of premiums owed on Policy No. 60742. No effort was made in the affidavits to prove the execution of the assignment by authorized agents of the assignor.

■ The assignment referred to is not signed "Texas Employers' Insurance Association By _____." In the body of the instrument Texas Employers' Insurance Association is designated as assignor and Employers Casualty Company is designated as assignee. The instrument is then simply signed "By A. R. Thomas, Vice President, and Attest: J. R. Jones, Assistant Secretary". Questions are raised by the failure of this instrument to show that it was executed by the assignor, instead of just having the names of the agents signed to the instrument. But aside from that, there was no summary judgment evidence of any kind offered at the summary judgment hearing tending to show that this assignment was executed for the assignor by one or more of its duly authorized agents who had the authority to execute such assignment. This was a fatal defect in the proof in so far as proving up this assignment is concerned. Plaintiff made no effort to prove up the assignment so as to have proof of a transfer of the claim from its owner, Texas Employers' Insurance Association, to Employers Casualty Company, the plaintiff here.

The record shows that this Policy No. 60742 was a Workmen's Compensation policy originally issued by Texas Employers' Insurance Association to HKM Properties, Inc. What premiums were due thereon were due to Texas Employers' Insurance Association and it would be necessary to have a valid assignment from Texas Employers' Insurance Association to Employers Casualty Company of the claim for those premiums before the latter would be entitled to judgment for said premiums.

The judgment rendered gave plaintiff a recovery of $197.85 for this item and we hold that the summary judgment evidence offered does not prove as a matter of law that plaintiff is the owner of the claim for that item.

Plaintiff's petition shows that the remaining $1,214.41 of the summary judgment that it was awarded was for premiums that it says were due and unpaid on its fire and casualty Policy No. FSC–A–39766 that insured the property known as the Sands Motel in Midland, Texas.

Attached to the affidavit of Mr. O'Neill, which affidavit plaintiff submitted in connection with its motion for summary judgment, is a copy of its Policy No. FSC–A–39766. It shows on its face that the insured therein was HKM Properties, Inc. of Midland and the coverage thereby afforded was from June 19, 1970, to June 19, 1973. Also attached to that affidavit apparently was an endorsement to the policy providing that Employers Casualty Company consented that the interest of HKM Properties, Inc. in said policy be assigned to Bernard J. Dolenz, d/b/a Sands Motel. Dolenz did not sign this and the endorsement stated that it was effective March 15, 1971.

The affidavit of Gary Gilliland stated that he was an insurance representative of both plaintiff and Texas Employers' Insurance Association; that he knew Dr. Dolenz and that in February or March, 1971, Dolenz told him that he had purchased 100% ownership of the Sands Motel from HKM Properties, Inc. and asked him to have all the insurance policies on the Sands Motel to show a change of ownership from HKM Properties, Inc. to Dr. Dolenz; that pursuant to this request this change was made showing Dolenz to be owner of the Motel and to be the insured in all such policies. Gilliland further swore that he saw Dolenz execute a form called "Experience Rating Plan—Request for Information". This form showed that HKM Properties, Inc. is a corporation and that Dolenz owned 500 of its 2,000 shares of stock. It also showed that on March 1, 1971, that ownership of the Motel was changed from the corporation to 100% ownership by the individual, Dr. Dolenz.

No evidence is contained in the record indicating that Dolenz in any manner agreed to pay any part of the premiums on the policies involved. The policies were not issued to him.

Dr. Dolenz filed an affidavit in connection with the motion for summary judgment wherein he stated that he tried to buy the Sands Motel at Midland on or about March 1, 1971, but that the sale was not consummated because the corporate officers would not execute the minutes necessary to effect a sale of the Motel to him. He swore further that all insurance written for the Sands Motel was contracted for through HKM Properties, Inc.

It is apparent from the record that the theory of plaintiff's case is that defendant, Dolenz, bought the Sands Motel from HKM Porperties, Inc. and had the insurance changed over from HKM Properties, Inc. so as to show him to be the owner and that Dolenz is therefore the one that is liable for any unpaid premiums on the policies. Dolenz made affidavit that although he tried to buy the Motel that the deal fell through.

The following is from the opinion in Soto v. Biel Grocery Company, 462 S.W.2d 89 (Corpus Christi, Tex.Civ.App., 1970, no writ hist.): "The question is: Does the summary judgment proof establish as a matter of law that there is no genuine issue of fact? (Cites cases.) The appellee admits that the burden of proof is upon it, and that all doubts as to the existence of a genuine issue as to a matter of fact is to be resolved against it. The other rules regarding summary judgment law relative to the evidence received, require the appellate court to view such evidence in the light most favorable to the party opposing the motion. All conflicts in the evidence are to be disregarded. The evidence which tends to support the position of the party opposing the motion is accepted as true. It is also the rule, that evidence which favors the movant's position is not to be considered unless it is uncontradicted."

When these rules are applied to the record in this case we conclude that the court erred in granting a summary judgment in this case. We must here in deciding this appeal accept the truth as being that Dolenz tried to buy the Motel, but that he was not successful in doing so. We hold that the proof offered at the summary judgment hearing does not establish

Dolenz's liability as a matter of law and it also does not establish as a matter of law the amount of the premiums sued for that Dolenz would be personally liable for. There was no effort made in the proof to break down the premiums incurred on the policies during the time HKM owned the property and to then show the premiums incurred on such policies during the period transpiring after the property was allegedly sold to Dolenz.

■ We hold that the record in this case is not so free of doubt that it establishes a case in which a summary judgment should have been granted depriving defendant of the right to a trial on the merits.

■ Plaintiff's cross-point is based on the contention that since its petition is drawn in the form of a suit on a sworn account as is provided for in Rule 185, T. R.C.P., it is entitled to recover an attorney's fee under Art. 2226, V.A.C.S., and that the trial court erred in sustaining an exception to the part of his petition wherein he sought attorney's fees.

We overrule this point.

■ It is true, as pointed out by plaintiff, that the courts have held that a plaintiff suing to recover for insurance premiums can properly plead the action in the form of a suit on a sworn account. This is by virtue of Art. 3736, V.A.C.S., which has since been repealed by the adoption of Rule 185, T.R.C.P., which was at first worded exactly the same as was Art. 3736. See Moore v. McKinney, 151 S.W.2d 255 (Dallas, Tex.Civ.App., 1941, no writ hist.) and Crowe v. Union Automobile Ins. Co., 79 S.W.2d 168 (El Paso, Tex.Civ.App., 1935, writ dism.).

But those holdings are not determinative of the question of whether or not attorney's fees are recoverable by plaintiff in this case under the sworn account provision of Art. 2226, V.A.C.S. They do not pass on that question.

Article 3736 and its successor, Rule 185, made it possible to file the petition in a case such as this in the form of a suit on a sworn account. At common law an action such as the one involved here would not have come under the definition of an action on a sworn account.

The following is from Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75 (1958) : "It has been held that a sworn account is defined according to its popular sense and applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing (which may include only one transaction between the parties). It does not mean transactions between parties resting upon special contract. (Cites cases.)"

The court in effect held that even though the action there was such that it could be brought in the form of an action on a sworn account under Rule 185, T.R. C.P. (a mere rule of procedure prescribing the type of evidence necessary in certain cases to prove up a prima facie case), it still was not a suit on a sworn account within the meaning of Art. 2226, for the reason that the action involved did not come within the definition of sworn account that is set out above from the Meaders case.

■ An attorney's fee can be recovered under Art. 2226 on the theory that the action is one on a sworn account only in those actions that come within the definition of sworn account that is set out in the Meaders case, above. Since the case here does not come within that definition plaintiff cannot recover an attorney's fee in this case on the theory that this is a suit on a sworn account. Additional authority for our holding is Langdeau v. Bouknight, 162 Tex. 42, 344 S.W.2d 435 (1961). The court there held, as it did in the Meaders case, that a recovery of attorney's fees un-

der the "sworn account" provision of Art. 2226, cannot be had in instances where the action is founded upon a special contract instead of being founded on and arising out of a general course of dealing between the parties of the type referred to in the definition of sworn account that is set out in the Meaders case above.

Reversed and remanded.