**RUDI'S AUTOMOTIVE CORPORATION,
Appellant,**

**v.**

**Jolly HEETH d/b/a Jolly Heeth Insurance
Agency, Appellee.**

**No. 16296.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 4, 1974.

On Filing of Remittitur April 25, 1974.

Wandel & Bousquet, Thomas G. Bousquet, Houston, for appellant.

Moore & Putnam, O. Bruce Larson, Houston, for appellee.

EVANS, Justice.

Appellee filed this action as a suit on a sworn account under Rule 185, Texas Rules of Civil Procedure to recover for premiums on insurance policies sold and delivered to appellant.

In a trial to the court without a jury, judgment was rendered in favor of appellee in the amount of $1994.80 representing the unpaid balance of the account, and for attorney's fees of $500.00, interest and costs.

In its findings of fact, the trial court found that appellee had sold and delivered insurance policies to appellant covering the operation of appellant's business; that a premium had been charged for each policy issued; that such charges were carried on "open account" and were the usual and customary charges promulgated by the State Board of Insurance. The court further found that appellee kept a regular and complete itemized record of account of the premiums charged for each of the policies sold and delivered; that the account made the basis of the action was correct and that under the uncontroverted evidence the sum of $1994.80 was due and unpaid on such account. The court concluded that the suit was properly filed as a sworn account and that the premiums charged for the insurance policies were within the meaning of the phrase "goods, wares and merchandise" as provided by Rule 185, Texas Rules of Civil Procedure.

Appellant's first point of error is that the trial court erred in determining that the suit was properly brought as a sworn account rather than as a suit for debt. Appellant argues that this was not a sales transaction "whereby title to personal property passes from one to the other", citing Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex.Sup.1962); Radio K O K E v. Arthur Tieman, 378 S.W.2d 952 (Tex.Civ.App., Austin 1964, writ ref., n. r. e.). We do not find the authorities cited by appellant as applicable to the case at bar.

In the recent case of Dolenz v. Employers Casualty Company, 504 S.W.2d 625 (Tex.Civ.App., Ft. Worth 1974, n. w. h.), it is said:

"It is true, as pointed out by plaintiff, that the courts have held that a plaintiff suing to recover for insurance premiums can properly plead the action in the form of a suit on a sworn account. This is by virtue of Art. 3736, V.A.C.S., which has since been repealed by the adoption of Rule 185, T.R.C.P., which was at first worded exactly the same as was Art. 3736. See Moore v. McKinney, 151 S. W.2d 255 (Dallas, Tex.Civ.App., 1941, no writ hist.) and Crowe v. Union Automobile Ins. Co., 79 S.W.2d 168 (El Paso, Tex.Civ.App., 1935, writ dism.)."

We hold that appellee's suit was properly brought as a suit on a sworn account under Rule 185, Texas Rules of Civil Procedure.

See also Langdeau v. Bouknight, 162 Tex. 42, 344 S.W.2d 435, 441 (1961). We overrule appellant's first point of error.

In its next four points of error appellant argues that the trial court's findings as to the debt evidenced by the appellee's account are not supported by any probative evidence; that they are not supported by sufficient evidence and that they are against the great weight and preponderance of the evidence; appellant further argues that the trial court erred in admitting in evidence appellee's ledger sheet evidencing the status of appellant's account.

The ledger sheet in question bears appellant's name and address and in seven coded columns are indicated the invoice dates, expiration date, policy number, premium charged, payments credited, and balance due.

Appellee testified that his agency wrote a number of insurance policies covering appellant's garage business on "open account", but that finally all policies were terminated because of appellant's "lack of interest" in paying anything on the account. Appellee explained that when a policy "came in", under his bookkeeping system, the invoice was put into a bookkeeping machine and posted on the ledger card; the balance was then carried forward minus any credits applicable to the account. Appellee testified that the ledger cards were made in the regular course of business and the entries posted within several days of the occurrence by an employee in his office operating under his direct control and supervision. Appellee testified that the ledger sheets offered in evidence were the original ledger sheets from his office "on the open account for Rudi's Automotive Corporation" and that the amounts shown were the rates set by the State Board of Insurance for the particular insurance coverages indicated. Appellee was further permitted to testify without objection that at the time he severed his business relations with appellant he was owed $1994.80 as shown by the ledger

cards and that the cards reflected all the payments made by appellant and the credits allowed thereon. He further testified that such amount represented a reasonable charge for the insurance premiums indicated in Harris County, Texas, during the years recorded.

An account must show with reasonable certainty the name of each item, the date and the charge therefor. Benthall v. Goodwin, 498 S.W.2d 510 (Tex.Civ. App., El Paso 1973, n. w. h.). Appellee testified without objection that it had sold and delivered the insurance policies reflected by the ledger account to the appellant; that its charges as reflected by the account were reasonable and based upon the rates set by the State Insurance Board and that all lawful credits had been made and were shown on the account. We believe the trial court was justified in finding the account met the requisite tests of certainty and, subject to the matter discussed below, accurately reflected the amount owing by the appellant. See Goodman v. Art Reproductions Corporation, 502 S.W.2d 592, 594 (Tex.Civ.App., Dallas 1973, n. w. h.), and authorities cited therein. We further note that the appellant's denial of the account is insufficient as a verified denial under Rule 185 and Rule 93(k) of the Texas Rules of Civil Procedure. See Solar v. Petersson, 481 S.W.2d 212 (Tex.Civ.App., Houston, 14th, 1972, n. w. h.); Duncan v. Butterowe, Inc., 474 S.W.2d 619 (Tex.Civ.App., Houston, 14th, 1971, n. w. h.). Thus it appears that appellee's sworn petition under Rule 185, Texas Rules of Civil Procedure, established a prima facie case on sworn account even though appellee proceeded to prove the account as at common law. McDonald v. Newlyweds, Inc., 483 S.W.2d 334 (Tex.Civ.App., Texarkana 1972, ref. n. r. e.). We overrule appellant's points of error two through five, but suggest remittitur as to the item of the account discussed below.

In appellant's sixth point of error it asserts the trial court erred in awarding

attorney's fees to appellee's attorney, contending that appellee's suit was not sued upon a sworn account and that appellee would, therefore, not be entitled to recover attorney's fees.

The account before us reflects a relationship of debtor and creditor created by a general course of dealing between the parties and does not reflect that these transactions rest upon a special contract. Meaders v. Biskamp, 159 Tex. 79, 316 S. W.2d 75 (1958). The account shows entries for premium charges made from time to time during the parties' relationship over a period of years and credits for payments were made on the account and applied to the general indebtedness reflected by the account and not against any particular charge reflected thereby. The course of conduct reflected by this account indicates that the insured's indebtedness was carried by appellee on "open account" and is therefore within the definition of a "sworn account" as set forth in Meaders, supra. Compare Dolenz v. Employers Casualty Company, supra; Langdeau v. Bouknight, 162 Tex. 42, 344 S.W.2d 435 (1961); wherein it was held, under the facts there presented, that a "sworn account", as defined in Meaders, was not shown. Appellant's sixth point of error is overruled.

■ Appellant's seventh point of error complains that the trial court erred in failing to grant an offset to appellant based on appellee's "admitted negligence which proximately caused defendant $1700.00 in damages."

Under this point appellant argues that appellee was negligent in failing to report appellant's accident claim to the insuring company, Miller's Mutual, who subsequently refused to pay the claim on the ground that it had not been filed within a period of six months.

Rule 97(g), Texas Rules of Civil Procedure, provides:

"Tort shall not be the subject of setoff or counterclaim against a contractual demand nor a contractual demand against tort unless it arises out of or is incident to or is connected with same."

There is no indication that the claim which appellant seeks to have offset against appellee's account "arises out of or is incident to or is connected with" any of the items pertaining to the account.

Furthermore, the issue of appellee's "negligence" was not admitted, but on the contrary was a disputed issue. It was appellee's testimony that in discussion with appellant, he was advised by appellant that the other party to the accident had insurance and that appellant had been in contact with their insurance representatives and expected the claim to be paid by the other party's insurance carrier. Appellee further testified that he advised appellant "if there was any problem in that nature" to let him know and that he heard nothing further until six months had elapsed. The trial court was at liberty to determine these controverted facts in favor of appellee's contention. Appellant's seventh point of error is overruled.

While we have determined that the trial court properly found appellee's account to be correct, the face of the account reflects that an item of $304.54 is shown as the beginning balance of the account and such item is not shown to be attributable to any insurance premium charge made with respect to any of the policies reflected on the face of the account. It appears likely that this beginning balance was for some charge made prior to the first invoice date reflected by the account but neither the account nor the evidence presented in explanation thereof reflects the particulars with respect to such item. Accordingly we find the account to be excessive in the amount of such item and we suggest remittitur in that amount.

The judgment of the trial court is found to be excessive in the amount of $304.54 and the cause is therefore reversed for that reason only. If appellee shall remit said sum of $304.54 within 10 days from

the date hereof the judgment will be reformed by reduction in said amount and as so reformed shall be affirmed.

## ON FILING OF REMITTITUR

On April 4, 1974 we indicated by a written opinion that if appellee would file a remittitur of $304.54 by April 14, 1974 the judgment of the trial court would be reformed and as reformed would be affirmed. Appellee has filed the suggested remittitur of $304.54 within the time provided and the judgment of the trial court is, therefore, reformed by deducting said amount of $304.54 and as so reformed is affirmed.