

# The Attorney General of Texas

December 23, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tim Curry
District Attorney
Tarrant County Courthouse
Fort Worth, Texas    76102

Opinion No. MW-530

Re: Whether contract for services of a construction manager is excepted from competitive bidding require-ments of article 2368a, V.T.C.S.

Dear Mr. Curry:

Article 2368a, V.T.C.S., requires counties to take competitive bids on "any contract calling for... an expenditure... in an amount exceeding [$5,000.00]." Sec. 2(a). The statute contains a number of exceptions, however. You have asked whether a contract for the services of a "construction manager" who oversees various public building projects is within any of these exceptions.

Among other things, contracts for "personal or professional services" are excepted from the competitive bidding requirements of article 2368a. Sec. 2(b). In the course of concluding that the Board of Trustees of Galveston Wharves had to solicit bids on a contract for the services of a container terminal operator, Attorney General Opinion MW-344 (1981) dealt at some length with the question of what constitutes a "personal service" within the meaning of this statute. There, we observed that in Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex. 1962), the Texas Supreme Court quoted with approval the following statement of the Supreme Court of Utah:

> The term 'personal service' indicates that the 'act' done for the benefit of another is done personally by a particular individual. (Emphasis in original).

359 S.W.2d at 895, quoting from Creameries of America, Inc. v. Industrial Commission, 102 P.2d 300, 304 (Utah 1940). The court also observed that Webster's Third New International Dictionary defines "personal services" as follows:

> economic service involving the either intellectual or manual personal labor of the server rather than a salable product of his skill.

Webster's Third New International Dictionary 1687 (1961).

Van Zandt involved a suit by a newspaper to recover amounts due for advertising services. One of the theories of recovery advanced in that case was that advertising services are "personal services" within the meaning of article 2226, V.T.C.S., which authorized the recovery of attorneys fees therefor. After making the foregoing observations, among others, the court held against the newspaper, but it did so because of the particular facts of the case. It held that, although the newspaper's employees undoubtedly rendered "personal services," the cause of action was for something far more inclusive -- "advertising services" -- and that those services embraced not merely personal services, but profit, taxes, insurance and other items as well.

Attorney General Opinion MW-344 also cited Radio KOKE, Inc. v. Tiemann, 378 S.W.2d 952 (Tex. Civ. App. - Austin 1964, writ ref'd n.r.e.), wherein the plaintiff sought attorneys fees under article 2226 in a suit to recover the cost of moving household goods. We discussed the court's reasoning in that case as follows:

> The court said that attorneys fees might have been recoverable on that portion of the contract attributable to employees' wages, if the wages had been separately itemized. But when no itemization is made and the use of machinery and equipment is part of the cost of the contract, the contract is one for 'personal services' only if the contribution of the machinery to total cost is substantially less than the contribution of employee wages. As an example of a contract that could not be considered one for personal services, the court suggested the operation of a 100-car freight train by a crew of three or four men. The employment of a laborer to dig a ditch using his own pick and shovel, on the other hand, is clearly a contract for personal services.

We concluded:

> In our opinion, these two cases indicate clearly that a contract to operate container terminal facilities, which operation you have described as complex and technical, cannot reasonably be described as one for 'personal services.' Even if a large portion of the contract price is assigned to labor costs, the total contract amount will certainly include costs ascribable to taxes and

insurance as well as the operator's anticipated
profit.

You inform us that the duties of a construction manager include:
(1) representing the county during construction and until final
payment to all contractors is due; (2) advising and consulting with
the county; (3) overseeing, scheduling and coordinating the work of
contractors; and (4) reviewing applications for payment by contractors
and making final recommendations to the architect for certification
for payment.  In our opinion, these are "personal services" within the
meaning of article 2368a.  They are performed personally by a
particular individual for the benefit of another.  See Van Zandt v.
Fort Worth Press, supra.  They involve either the intellectual or the
manual personal labor of the server rather than a salable product of
his skill.  Id.  Other variables that account for the courts' holdings
in Van Zandt, supra, and Radio KOKE, Inc. v. Tiemann, supra, and our
holding in Attorney General Opinion MW-344, such as machinery,
equipment, overhead, taxes, insurance, the involvement of others,
etc., are not present in this instance; the labor of one individual --
the construction manager -- is all that is being offered and
purchased.

In our view, these are the kinds of services that the courts in
the cases discussed above had in mind when they offered their examples
of instances in which "personal services" would be involved.  We also
believe that the reasoning of the court in Hunter v. Whiteaker and
Washington, 230 S.W. 1096 (Tex. Civ. App. - San Antonio 1921, writ
ref'd) is applicable here.  There, the court addressed the question of
whether a contract to employ civil engineers to supervise the work of
building roads in a county was subject to competitive bidding.  The
court answered in the negative, and the reasons it offered for
exempting such services from bidding requirements are also applicable
here:

> To hold that the act would require that the
> services of a man belonging to a profession such
> as that of the law, of medicine, of teaching,
> civil engineering, or architecture should be
> obtained... only through competitive bidding would
> give a ridiculous meaning to the act....  Such a
> construction would require the selection of
> attorneys, physicians, school teachers, and civil
> engineers by competitive bids, the only test being
> the lowest bid for the services of such men.  Such
> a test would probably be the best that could be
> conceived for obtaining the services of the least
> competent man....  (Emphasis added).

230 S.W. at 1098.  See Gulf Bitulithic Company v. Nueces County, 11 S.W.2d 305 (Tex. Comm'n App. 1928) (contract for supervision of road construction work not subject to competitive bidding requirements under former article 2268a, V.T.C.S.).

We therefore conclude that a contract for the services of a construction manager is within the "personal services" exception to article 2368a and therefore need not be let on competitive bids.  Our conclusion renders unnecessary a discussion of whether such contract is also within the "professional services" exception to article 2368a.

### S U M M A R Y

A contract for the services of a construction manager is within the "personal services" exception to article 2368a, V.T.C.S., and therefore need not be let on competitive bids.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Buz Gary
Rick Gilpin
Patricia Hinojosa
Jim Moellinger