

# The Attorney General of Texas

July 13, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

This Opinion
Overrules M W 342

Mr. George N. Rodriguez, Jr.
County Attorney
County of El Paso
206 City-County Building
El Paso, Texas   79901

Opinion No. MW-494

Re:   Whether counties must
require competitive bids on
insurance contracts whose
premiums exceed $5,000.00

Dear Mr. Rodriguez:

You have asked whether article 2368a, V.T.C.S., or any similar statute, requires contracts for the purchase of insurance by counties to be awarded through the competitive bidding process.

Article 2368a, V.T.C.S., provides in part:

> Sec. 2. (a) No county, acting through its Commissioners Court, and no city in this state shall hereafter make any contract calling for or requiring an expenditure or payment in an amount exceeding five thousand dollars ($5,000.00) out of any fund or funds of any city or county or subdivision of any county creating or imposing an obligation or liability of any nature or character upon such county or any subdivision of such county, or upon such city, without first submitting such proposed contract to competitive bids.

> (b)   ....

> Provided, that in case of public calamity, where it becomes necessary to act at once to appropriate money to relieve the necessity of the citizens, or to preserve the property of such county, subdivision, or city, or when it is necessary to preserve or protect the public health of the citizens of such county or city, or in case of unforeseen damage to public property, machinery or equipment, this provision shall not apply; and provided further, as to contracts for personal or professional services; work done by such county or

city and paid for by the day, as such work progresses; and the purchase of land and right-of-way for authorized needs and purposes, the provisions hereof requiring competitive bids shall not apply and in such cases the notice herein provided shall be given but only with respect to an intention to issue time warrants with right of referendum as contemplated in Sections 3 and 4 hereof respectively.

Section 2(a) is a comprehensive provision applying to "any contract" requiring an expenditure of over $5,000. It is subject to the specific exceptions stated in section 2(b), including an exception for "personal or professional services." In addressing your question, we have to determine whether an insurance contract falls within the comprehensive terms of section 2(a) or whether an exception is applicable. The exception for personal and professional services is the only one which needs examination.

In Attorney General Opinion MW-342 (1981) we held that school districts need not let insurance contracts on competitive bids. That opinion construed section 21.901 of the Education Code which has since been amended without change in the language relied upon in Attorney General Opinion MW-342. Section 21.901 reads in part:

(a) Except as provided in Subsection (e) of this section, all contracts proposed to be made by any Texas public school board for the purchase of any personal property shall be submitted to competitive bidding when said property is valued at $5,000 or more.

(b) Except as provided in Subsection (e) of this section, all contracts proposed to be made by any Texas public school board for the construction, maintenance, repair or renovation of any building or for materials used in said construction, maintenance, repair or renovation, shall be submitted to competitive bidding when said contracts are valued at $5,000 or more.

(c) Nothing in this section shall apply to fees received for professional services rendered, including but not limited to architects fees, attorney's fees, and fees for fiscal agents.

. . . .

(e) If a school building or school equipment is destroyed or severely damaged, and the school

> board determines that the time delay posed by the
> competitive bidding process would prevent or
> substantially impair the conduct of classes or
> other essential school activities, then contracts
> for the replacement or repair of such building or
> equipment may be made without resort to
> competitive bidding as otherwise required by this
> section.

Section 21.901 of the Education Code is structured differently from
article 2368a, V.T.C.S. The Education Code provision states two
categories of contracts subject to competitive bidding -- those for
personal property and those for the construction, maintenance, repair,
or renovation of any building or for the materials used in these
projects. It is not apparent that these two categories cover every
type of contract a school district might enter into. Nor is it
apparent that the exceptions for professional services and for
emergency repairs cover all contracts excluded from the competitive
bidding requirements of section 21.901. See, e.g., Attorney General
Opinion M-950 (1971) (school district may negotiate computer lease
contract without competitive bids).

Attorney General Opinion MW-342 stated that an insurance contract
did not fit squarely into the category of "personal property" or the
exemption for "professional services" under section 21.901 of the
Education Code. The services provided under it were significant
enough to remove the contract from the category of "personal
property," even though they did not constitute "professional
services." Under section 21.901 it is unnecessary to show that an
insurance contract is a contract for "professional services" to remove
it from the competitive bidding requirement. It is only necessary to
show that it cannot fairly be characterized as a contract for the
purchase of personal property. The discussion in Attorney General
Opinion MW-342 of the service aspect of an insurance contract must be
read with section 21.901 in mind. It does not resolve the question
before us concerning the construction of article 2368a, V.T.C.S.

Turning to your question, we next consider whether a contract for
insurance constitutes a contract for personal or professional services
within article 2368a, V.T.C.S. Attorney General Opinion MW-344 (1981)
considered whether the Board of Trustees of Galveston Wharves must bid
a contract for the services of a container terminal operator at the
port. The opinion concludes that a contract to operate container
terminal facilities was not a contract for personal services, even
though the operation of the facilities was complex and technical, and
even though it involved considerable labor costs. It relied on
judicial definitions which indicated that a contract was one for
"personal services" only if the contract price was largely for
employee wages rather than for machinery, profit, taxes, insurance,

and other items.  See Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex. 1962); Radio KOKE, Inc. v. Tiemann, 378 S.W.2d 952 (Tex. Civ. App. - Austin 1964, writ ref'd n.r.e.).

An insurance contract is clearly not a contract for personal services under the standard developed in Attorney General Opinion MW-344.  In exchange for premiums paid under an insurance contract, the insured receives financial protection against stated risks. Incident to the provision of protection the insurance company provides various services such as claims processing and investment services. However, the costs of equipment, materials, other overhead, taxes, profits, and the cost of the financial protection itself contribute in large part to the total amount of premiums.  Since the cost of employee wages does not form the major part of the contract price, an insurance contract is not a contract for personal services within article 2368a, V.T.C.S.

Attorney General Opinion MW-344 discussed the meaning of the "professional services" exemption in article 2368a, V.T.C.S.  It relied on cases from other jurisdictions which emphasized the body of special knowledge attributable to a profession, the years of study necessary to attain competence, and the wide recognition of the profession and its standards of study.  In our opinion, the provision of insurance coverage does not constitute the provision of professional services.  See Attorney General Opinion MW-342 (1981). It is therefore subject to the competitive bidding requirements of article 2368a, V.T.C.S.

Your question concerns only the purchase of a contract for insurance coverage.  We do not address the question of whether the employment of an insurance consultant would be within the exception for personal or professional services.  Contracts for the purchase of insurance by counties are, however, required by article 2368a, V.T.C.S., to be submitted to competitive bids.

## S U M M A R Y

Article 2368a, V.T.C.S., requires counties to award contracts for the purchase of insurance through the competitive bidding process.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Jim Moellinger