KERSH & SONS, INC., et al.,
Appellants,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 09 83 151 CV.

Court of Appeals of Texas, Beaumont.

March 29, 1984.

Rehearing Denied April 11, 1984.

---

Thomas Rugg, Port Arthur, for appellants.

Milton G. Shuffield, Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Texas Employers' Insurance Association (TEIA) as plaintiff below brought suit against Kersh & Sons, Inc., Jack Kersh, James Kersh, Timothy Kersh and Joel Kersh, individually and doing business as Kersh & Sons, Inc., defendants below, for premiums due under a contract for workers' compensation insurance. Plaintiff sued in the form of an open account. Defendants alleged in their answer that the account was not just and true. Trial was to the court without a jury and at the conclusion of the evidence the court entered judgment for plaintiff for the principal sum of $2,400.60, pre-judgment interest of $561.21, and attorney fees of $800.00, from which defendants have perfected appeal to this court. The parties will be referred to herein as they were below.

Defendants' first point of error follows:

"The Court erred in holding the individually named defendants liable since they acted, if at all, only in their capacity as officers of the corporation."

At the outset in their brief, defendants state "that the corporate defendant Kersh & Sons, Inc., does not dispute in this proceeding the sufficiency of the evidence to support the award of the Court for the principal sum claimed."

■ The argument advanced by the defendants is that the application for insurance shows the employer to be Kersh & Sons, Inc., and lists the other defendants only in their capacity as corporate officers. While this is true, however, none of the defendants made a verified denial of their liability in their individual capacity and, hence, are precluded from making such a defense now. *TEX.R.CIV.P. 93(c). Butler v. Joseph's Wine Shop, Inc.*, 633 S.W.2d 926 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Robertson v. Bland*, 517 S.W.2d 676 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ dism'd). This point of error is overruled.

■ Defendants' second point of error asserts:

"The Court erred in awarding pre-judgment interest since the claim presented by Appellee does not fall within the terms of art. 5059–1.03 as pled by Appellee [plaintiff]."

*TEX.REV.CIV.STAT.ANN. art. 5069–1.-03*, prior to the 1979 amendment, provided:

"When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; and on all open accounts, from the first day of January after the same are made."

Defendants urge that the transaction here was a special account, not an open account, and therefore the provisions of

*Art. 5069–1.03* do not apply, citing *Southline Equip. v. Nat. Marine Service Inc.,* 598 S.W.2d 340, 344 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); and *Dolenz v. Employers Casualty Company,* 504 S.W.2d 625 (Tex.Civ.App.—Fort Worth 1974, no writ).

An open account is one where one or more elements of a contractual agreement remain open. A special contract is one in which all the terms are fixed and certain. *Southline Equip. v. Nat. Marine Service Inc., supra,* at 344.

The witness Fant, District Manager for plaintiff, testified the account was open because the application for insurance contained an estimated premium. The actual premium is determined at the end of the premium period by an auditor.

While the attorneys for both sides did not really go into the matter, it appears plaintiff also issued liability policies to the corporate defendant, and that the premiums for those policies were included in the account. Though somewhat scanty, we believe the evidence supports plaintiff's position that this is an open account and thus overrule this point of error. This makes it unnecessary to address defendants' last point of error, and it is overruled.

The judgment of the trial court is Affirmed.

Affirmed.