Evelyn WILLIAMS, Appellant,

v.

CAPITOL COUNTY MUTUAL FIRE INSURANCE COMPANY, Appellee.

No. 18242.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 24, 1980.

Rehearing Denied Feb. 21, 1980.

Joe L. Orr, Fort Worth, for appellant.

Joe Shannon, Jr., Fort Worth, for appellee.

OPINION

SPURLOCK, Justice.

Evelyn Williams, an insured of the appellee, Capitol County Mutual Fire Insurance Company, sued to enforce coverage under an insurance contract. That suit was dismissed for want of prosecution. Ms. Williams then instituted a bill of review proceeding. After a nonjury trial the court

rendered judgment for the defendant denying the relief requested. Ms. Williams has appealed.

We affirm.

In 1973, Ms. Williams suffered a fire related loss, which she alleges to have been covered under the terms of her policy with the appellee. The insurance company refused to honor the claim. Ms. Williams then retained an attorney and filed suit for an alleged breach of the insurance contract.

After the appellee had answered the first suit, Ms. Williams fired her attorney. Apparently she did not do anything further about this suit until she "discovered", sometime in 1976, that the suit had been dismissed for want of prosecution on July 30, 1976. Ms. Williams then retained a second attorney, Joe Orr, who filed her bill of review on November 6, 1978, to set aside the order of dismissal in the first lawsuit and recover under the policy for her fire loss.

A trial was held before the court, sitting without a jury, and the relief sought in the bill of review was denied. In part, the judgment reads:

"[B]oth parties appeared in person and by and through their attorneys of record and announced ready for trial. No jury was demanded and the Court after having read the pleadings, heard the evidence and argument of counsel is of the opinion that the claim for relief herein asserted by Plaintiff should be in all things denied. "It is therefore, ORDERED, ADJUDGED and DECREED that Plaintiff take nothing by way of her cause of action asserted herein and judgment is herein granted in favor of the Defendant and the relief requested by the Petition for Bill of Review is in all things denied. . . ."

No statement of facts appears as part of the record, nor are there any findings of fact and conclusions of law in the transcript. It appears that neither were requested.

In pursuing her appeal, Ms. Williams began the appeal process *pro se.* She has not utilized the services of Mr. Orr, the attorney who represented her in the bill of review trial. She was represented by an attorney, Danny Burns, at the time of oral argument before this court, but we are informed by Mr. Burns that he was retained the evening before the scheduled oral submission date. Ms. Williams has been proceeding with this appeal *in forma pauperis* from the date when the relief sought in her bill of review was denied.

■ Even though Ms. Williams has been proceeding *pro se* and *in forma pauperis,* she must still abide by the laws and rules of procedure governing the courts of this state. *Stein v. Highland Park Ind. School Dist.,* 574 S.W.2d 807 (Tex.Civ.App.—Texarkana 1978, writ dism'd). We are thus guided by *Stein v. Lewisville Ind. School Dist.,* 481 S.W.2d 436, 439 (Tex.Civ.App.—Fort Worth 1972) *appeal dismissed* 414 U.S. 948, 94 S.Ct. 272, 38 L.Ed.2d 203 (1973), wherein this court stated:

"[T]his court is bound to apply the law and rules of procedure without consideration of who the parties might be or how inadequate their representation, in complete equality of treatment under the law. In other words we may not give Mrs. Stein any special consideration because she is a widow, is attempting to represent herself—and her grown children—without the aid of an attorney, and has overlooked matters which might have been of some benefit had there been adequate pleadings and proof. We must treat the case as though her acts and her failure to act occurred with benefit of licensed counsel."

Given this guideline, we turn to Ms. Williams' contentions.

■ In her first point of error, Ms. Williams states: "The trial court erred in dismissing appellant's case without notice to appellant." This point of error concerns the dismissal, for want of prosecution, of Ms. Williams' first suit. This is not a matter which we can properly consider in the appeal of the denial of the relief sought in the bill of review without a statement of facts. In order to be able to act upon this point, we would need a statement of facts

to determine whether proper notice was given and rule accordingly. But since we have no statement of facts, it is impossible for us to consider this point. Therefore, Ms. Williams' first point of error is overruled.

■ The second point of error complains of error by the trial court "in not reinstating Appellant's case upon her Bill of Review". The appellee argues that such a point is too broad to present any ground for appeal, citing a number of cases and Tex.R. Civ.P. 418(d). While appellee correctly states the law, it is our opinion that based on the argument presented under Ms. Williams' second point of error, a matter is presented to us for review. Even though a brief may be unartfully drafted, if after reviewing the argument presented under a point of error, our attention is directed to an issue on which the case could be reversed, we are obligated to consider that argument. *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478, 482 (1943).

■ In considering Ms. Williams' second point and argument thereunder in this manner, it appears that she presents an argument that there was insufficient evidence to support the judgment of the trial court. As noted above, there is no statement of facts, nor are there any findings of fact and conclusions of law. Where the point of error asserted is the lack of sufficient evidence to support the judgment, this court has a duty of reviewing all the evidence. We cannot consider this point without a statement of facts.

■ Consequently, without the needed statement of facts, and without findings of fact and conclusions of law, we are required to presume that the trial court had before it, and passed on, all the facts necessary to authorize it to render the judgment it did. *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 187 S.W.2d 363 (1945). It is presumed that the evidence supports the judgment in such a situation, *Thompson v. Republic Acceptance Corp.*, 388 S.W.2d 404 (Tex.1965), and that every fact necessary to support the judgment was found by the trial court.

*Roye v. Silver Dollar Financing Inc.*, 432 S.W.2d 123 (Tex.Civ.App.—Fort Worth 1968, no writ). The record does not present any rebuttal to these presumptions, and therefore, we are bound by them. We must presume the trial court acted correctly.

■ A final issue raised is that Ms. Williams should have been afforded an *ad litem* attorney to prosecute her appeal. This argument was raised for the first time during oral argument by Mr. Burns. He contends that the failure of some entity, albeit unidentified, to provide counsel for Ms. Williams constituted a violation of due process under both the Texas Constitution and Fourteenth Amendment to the Federal Constitution. Argued as such, this contention raises an issue of fundamental error and can be raised for the first time at this late juncture. *Read v. Gee*, 551 S.W.2d 496, 501 (Tex.Civ.App.—Fort Worth) *writ ref'd n. r. e. per curiam*, 561 S.W.2d 777 (1977); *Dial Temp Air Conditioning Company v. Faulhaber*, 340 S.W.2d 82, 91 (Tex.Civ.App. —Dallas 1960, writ ref'd n. r. e.); 3 Tex. Jur.2d *Appeal and Error—Civil Cases*, Sec. 100 (1974).

■ Although we can consider this issue, we find no merit in it. Even though the Federal Constitution has been interpreted to protect the right to counsel by indigent persons in appeals from criminal convictions, see *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) [holding that due process requires that an indigent defendant must be provided state appointed counsel for first appeal of right of a criminal conviction] and *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) [holding that due process does not require that state appointed counsel be supplied to a criminal defendant pursuing a discretionary appeal to higher court after first appeal of right], we are aware of no such case holding that indigents possess such rights in the appeal of civil cases involving breach of contract. It is a novel concept, but we do not interpret either the Texas Constitution or the Federal Constitution to provide a right to counsel to litigants in the position of Ms. Williams.

Furthermore, even though Ms. Williams did not indicate whether she pursued the possibility of using it, there is a federally funded legal aid service for indigent persons in Tarrant County. This service is provided by West Texas Legal Services, Inc., created and funded pursuant to the Legal Services Corporation Act of 1974, as amended, 42 U.S.C. Sec. 2996, et seq. (Supp. 1979). Thus any apparent harshness of our opinion that neither the Texas Constitution nor the Federal Constitution requires a court to appoint an attorney for a first appeal of a civil contract case by an indigent litigant is tempered by the availability of full legal assistance to indigents in Tarrant County. Although available, Ms. Williams either did not avail herself of these services or her application to the agency was denied for reasons by it deemed sufficient.

Based on the state of the record, the trial court did not err in rendering judgment that Ms. Williams take nothing. The judgment of the trial court is affirmed.