**ABE I. BRILLING INSURANCE AGENCY, Appellant,**

v.

**Glen HALE d/b/a South Lamar Iron & Steel, Appellee.**

**No. 20170.**

Court of Civil Appeals of Texas, Dallas.

April 15, 1980.

Rehearing Denied June 25, 1980.

Stanley D. Biderman, Austin, for appellant.

Wayne A. Melton, Dallas, for appellee.

Before AKIN, CARVER and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Abe I. Brilling Insurance Agency, appellant, sued Glen Hale, doing business as South Lamar Iron & Steel, to recover premiums allegedly due on two insurance policies. Brilling abandoned his contract action and proceeded to try the case as a suit on a sworn account pursuant to Tex.R.Civ.P. 185. The court overruled Brilling's motion for judgment on the pleadings, and after trial, found that there was no agreement to pay these sums and rendered judgment for Hale. We affirm because Brilling's suit was not filed in the form required by Rule 185.

Brilling's pleadings alleged an action on an account based on premiums due on workers' compensation and general liability insurance policies sold to Hale. The account attached to his first petition is three pages long. The first two pages appear to be the itemized account of the premiums paid on the policies, with the dates, type of policy, premium, payment, and balance listed. The last entry of the two pages shows a zero balance. The third page contains three entries:

| Date | Policy | | Property Covered | | Expiration | Premium | Credits | Balance |
|---|---|---|---|---|---|---|---|---|
| | Number | Company | Description | Location | | | | |
| Aug 6 76 | 18395007628 | | FINAL AUDIT W/C | | | 3,388.00 | | 3,338.00 |
| Aug 6 76 | 1CC844777 | USFA | FINAL AUDIT LIA & PBB DAMAGE | | | 293.00 | | 3,681.00 |
| Jun 30 77 | 3950–007628 | USF&G | DIVIDEND CREDIT | | 5/76–77 | | 934.00 | 2,747.00 |

Brilling argues that the trial court's judgment was error because it brought suit on a sworn account pursuant to Rule 185, and Hale did not file an answer in the form required by the rule. Therefore, it argues that its motion for judgment on the pleadings should have been granted because it had made out a prima facie case under the rule. We do not consider the sufficiency of Hale's answer because we hold that Brilling's petition did not set out an account in the form required by Rule 185, and thus, Hale's answer was not required to adhere to Rule 185.

Rule 185 provides that an action founded upon "an open account or other claim for goods, wares and merchandise" or which is for personal services on which a systematic record has been kept, and is supported by affidavit of the party or his agent to the effect that the claim is "within the knowledge of the affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed," shall be considered prima facie evidence of the debt unless the opposing party files an answer in compliance with the rule. A suit for insurance premiums

due on policies sold to the defendant may be brought as a sworn account. *Hollingsworth v. Northwestern National Insurance Co.,* 522 S.W.2d 242, 245 (Tex.Civ.App.—Texarkana 1975, no writ); *Rudi's Automotive Corp. v. Heeth,* 509 S.W.2d 428, 430–31 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). The account must show with reasonable certainty, however, the name, date and charge for each item. 509 S.W.2d at 430; *Crowe v. Union Automobile Insurance Co.,* 79 S.W.2d 168, 170–71 (Tex.Civ.App.—El Paso 1935, writ dism'd).

■ The account in this case is that contained on page 3 of the attachment to the petition. The first two pages cannot be considered because they show that all premiums were paid in full. Brilling is suing for premiums alleged to be due on the policies resulting from a subsequent audit. No specifics or details are given as to how these figures were arrived at, nor can we determine from Brilling's petition why it is contended that Hale underpaid the premiums on these policies. This is not an account in the itemized form required under Rule 185. *See Howard v. Wiesberg,* 583 S.W.2d 920, 921 (Tex.Civ.App.—Dallas 1979, no writ); *Hassler v. Texas Gypsum Co.,* 525 S.W.2d 53, 55 (Tex.Civ.App.—Dallas 1975, no writ); *Biscamp v. Zeno Carpet Co., Inc.,* 473 S.W.2d 218, 220 (Tex.Civ.App.—Beaumont 1971, no writ). Because Brilling did not properly plead a sworn account, Hale was not required to answer in the form required by Rule 185. Consequently, Brilling's remaining points on the sufficiency of the answer need not be considered.

Affirmed.