Joseph D. PRICE d/b/a Victoria Mill and Supply, Appellant,

v.

Joe PRATT and W.R. Dean d/b/a Associated Insurance Agencies, Appellees.

No. 2583cv.

Court of Appeals of Texas, Corpus Christi.

Feb. 24, 1983.

Robert P. Houston, Victoria, for appellant.

Robert C. McKay, Victoria, for appellees.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from an order granting a summary judgment. Appellees, Joe Pratt and W.R. Dean, d/b/a Associated Insurance Agencies (Associated) filed suit against appellant, Joseph D. Price, d/b/a Victoria Mill and Supply (Price) for premiums owed on insurance policies. Associated's suit was for money owed them on a promissory note and for money owed on an open account. The open account portion of Associated's claim was filed as a sworn account under Tex.R.Civ.P. 185 (Rule 185). Price did not file a sworn denial as required by Rule 185. The trial court initially rendered a partial summary judgment on Associated's claim on the promissory note, and subsequently, final summary judgment was rendered on the sworn account claim. The basis for this appeal is confined to the granting of the summary judgment based on the sworn account claim.

Price contends that the account was not properly pled as a sworn account, and thus, he was not required to file a sworn denial. We agree.

■ Since Price failed to file a sworn denial of the account in the form prescribed by the provisions of Rule 185, this Court is limited in what it can consider in setting aside the summary judgment granted on the sworn account. See *Larcon Petroleum, Inc., v. Autotronic Systems, Inc.,* 576 S.W.2d 873 (Tex.Civ.App.—Houston [14th Dist.] 1979); and, *Leyendecker v. Santa Rosa Medical Center,* 533 S.W.2d 868 (Tex.Civ.App.—Tyler 1976, no writ). However, it is within the province of this Court to determine whether the pleadings are sufficient on their face to constitute a sworn account. See *Haecker v. Santa Rosa Medical Center,* 609 S.W.2d 879 (Tex.Civ.App.—San Antonio, 1980, no writ); and, *Unit, Inc. v. Ten Eyck-Shaw, Inc.,* 524 S.W.2d 330 (Tex.Civ.App.—Dallas 1975, writ ref'd, n.r.e.). We find that they are not.

■ Several discrepancies exist in Associated's pleadings which make them insufficient as a matter of law. First, Associated incorporates by reference two pages of accounts into its pleadings, which constitute the basis for its claim. On the face of these accounts the following terms are used under the heading "description":

| | |
|---|---|
| "LIA–GEN | AUD |
| FIRE | END |
| FIRE–COMM | REN |
| PREM FIN | MIS |
| 11 SOL. COMM | |
| COMP | AUD |
| LIA–EXCES | AUD |
| COMP | REN" |

Associated's pleadings contain no key to these abbreviations, or other explanation of the meaning of the items listed. This alone supports a holding that the pleadings were legally insufficient to support a summary judgment on a sworn account. *Haecker v. Santa Rosa Medical Center,* supra, and authorities listed therein.

■ Other discrepancies in the accounts include two unexplained auditing entries, see *Abe I. Brilling Insurance Agency v. Hale,* 601 S.W.2d 403 (Tex.Civ.App.—Dallas 1980, no writ), and the inclusion on the first of the two accounts of a beginning balance or "BALANCE FORWARD," dated "8–10–9," in the amount of $4,950.00. Associated asks that we confine our examination of the

two accounts to those entries entered subsequent to 2–25–80. On this date, there is a balance of $5,540.56, the same amount (less interest) that is reflected by a promissory note incorporated into Associated's pleadings. While the promissory note itself is dated as signed on April 4, 1980, the entry of the amount of $5,540.56 appears twice in the accounts; once in an entry dated "9–25–9," and again in an entry dated "2–25–0."

It is our belief that the discrepancy between the dates would, without the introduction of some additional evidence, break any connection between the entries and the promissory note. Additionally, none of this explains the initial "BALANCE FORWARD" of $4,950.00 or what became of it in the accounts.

■ Regardless of whether we confine our review to those entries beginning with the "BALANCE" dated "2–25–0" or review the accounts as a whole, we have a beginning balance which is not sufficiently itemized to support a summary judgment on a sworn account. *Gallini v. Whelan,* 625 S.W.2d 755 (Tex.Civ.App.—San Antonio, 1981, no writ); and, *Rudi's Automotive Corporation v. Heetch,* 509 S.W.2d 428 (Tex. Civ.App.—Houston [1st Dist.] 1974, no writ).

■ Associated's reliance on *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979), is misplaced. *Clear Creek Basin,* at 678, states: "The non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment." Associated's cross point is overruled.

Price's general denial was sufficient to put in issue all material facts in regard to Associated's claim.

The judgment of the trial court is REVERSED and the cause is REMANDED to the trial court for further consideration.