**R.K. PANDITI, Appellant**

v.

**James N. APOSTLE, Appellee.**

**No. 05–05–00553–CV.**

Court of Appeals of Texas, Dallas.

Jan. 4, 2006.

R.K. Panditi, Plano, pro se.

James N. Apostle, Dallas, pro se.

Before Justices O'NEILL, FITZGERALD, and LANG.

## OPINION

Opinion by Justice LANG.

R.K. Panditi, pro se, appeals the trial court's summary judgment in favor of James N. Apostle, plaintiff below. Apostle has not filed a brief in this appeal. On appeal, Panditi argues the trial court erred when it granted traditional summary judgment in favor of Apostle because Apostle did not properly plead his suit on a sworn account. We conclude the trial court did not err when it granted summary judgment in favor of Apostle. The trial court's summary judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Apostle, an attorney who formerly represented Panditi, filed a lawsuit against Panditi for breach of contract and a suit on a sworn account to collect his unpaid legal fees as well as attorney's fees incurred in bringing the instant suit for collection. Apostle moved for traditional summary judgment on his sworn account claim arguing Panditi's unsworn general denial did not satisfy Texas Rules of Civil Procedure "185 and 93(1)[sic]," precluding him from denying Apostle's claim. Panditi did not file a response to Apostle's motion for summary judgment. The trial court granted summary judgment in favor of Apostle and "denie[d] all relief not granted in th[e] [summary] judgment." Panditi filed a motion for a new trial which was overruled by operation of law.

## II. SUIT ON SWORN ACCOUNT

Panditi argues the trial court erred when it granted traditional summary judgment in favor of Apostle on the ground that Panditi failed to file a sworn denial. He contends he was not required to file a sworn denial because Apostle did not properly plead his suit on a sworn account. Specifically, he claims Apostle's sworn account was defective because Apostle failed to support his petition with evidence that his attorney's fees were reasonable and necessary, and the fees were assessed at the usual and customary rate.

### A. Standard of Review

When a defendant fails to file a sworn denial, a court of appeals is limited in what it can consider to set aside a summary judgment on a sworn account because the defendant will not be permitted to dispute the plaintiff's claim. *See Price v. Pratt*, 647 S.W.2d 756, 757 (Tex. App.-Corpus Christi 1983, no writ). However, it is within the province of the court of appeals to determine, as a matter of law, whether the pleadings are sufficient on their face to constitute a sworn account. *See id.*

### B. Applicable Law

Rule 185 states an open account includes, "any claim ... for personal services rendered." *See* Tex.R. Civ. P. 185; *Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 562 (Tex.App.-Dallas 2003, pet. denied). Rule 185 is not a rule of substantive law. *See Rizk v. Fin. Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex.1979); *A & J Printing, Inc. v. DSP Enter., L.L.C.*, 153 S.W.3d 676, 682 (Tex.App.-Dallas 2004, no pet.). Rather, it is a rule of procedure regarding the evidence necessary to establish a prima facie right of recovery. *See Rizk*, 584 S.W.2d at 862; *A & J Printing*, 153 S.W.3d at 682.

Texas Rule of Civil Procedure 185 provides that when an action is founded on an open account on which a systematic record has been kept and is supported by an affidavit, the account shall be taken as prima facie evidence of the claim, unless the party resisting the claim files a written denial under oath. *See* Tex.R. Civ. P. 185; *Abe I. Brilling Ins. Agency v. Hale*, 601 S.W.2d 403, 404 (Tex.Civ.App.-Dallas 1980, no writ). Also, a plaintiff's suit on a sworn account must "reveal" any offsets made to the account. *See* Tex.R. Civ. P. 185; *Nguyen*, 108 S.W.3d at 562; *Howard v. Weisberg*, 583 S.W.2d 920, 922 (Tex.Civ.App.-Dallas 1979, no writ). The account must show with reasonable certainty the name, date, and charge for each item, and provide specifics or details as to how the figures were arrived at. *See Abe I. Brilling Ins. Agency*, 601 S.W.2d at 405 (discussing bill for insurance premiums); *Unit, Inc. v. Ten Eyck–Shaw, Inc.*, 524 S.W.2d 330, 333 (Tex.Civ.App.-Dallas 1975, writ ref'd n.r.e.); *see also Powers v. Adams*, 2 S.W.3d 496, 499 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (itemized monthly statements of legal services reflecting offsets, payments, and credits sufficient). Also, a suit on a sworn account must be accompanied by the affidavit of the plaintiff, his agent, or his attorney taken before an officer authorized to administer oaths. *See* Tex.R. Civ. P. 185; *Solano v. Syndicated Office Sys.*, No. 08–04–00166–CV, — S.W.3d —, —, 2005 WL 2044604, at *2 (Tex.App.-El Paso Aug.25, 2005, no pet.); *Andrews v. E. Tex. Med. Ctr–Athens*, 885 S.W.2d 264, 267 (Tex.App.-Tyler 1994, no writ). The affidavit must state the following: (1) the claim is within the knowledge of the affiant; (2) the claim is just and true; (3) the account is due; and (4) all just and lawful offsets, payments, and credits have been allowed. *See* Tex.R. Civ. P. 185; *Nguyen*,

108 S.W.3d at 562. If there is a deficiency in the plaintiff's sworn account, the account will not constitute prima facie evidence of the debt. *Nguyen,* 108 S.W.3d at 562.

■ A defendant resisting a suit on a sworn account must comply with the rules of pleading and timely file a verified denial or he will not be permitted to dispute the receipt of the services or the correctness of the charges. *See* Tex.R. Civ. P. 93(10), 185; *Vance v. Holloway,* 689 S.W.2d 403, 404 (Tex.1985); *A & J Printing,* 153 S.W.3d at 682; *see also Cont'l Carbon Co. v. Sea–Land Serv., Inc.,* 27 S.W.3d 184, 190–91 (Tex.App.-Dallas 2000, pet. denied). A defendant's sworn denial must be written and verified by an affidavit. *See* Tex.R. Civ. P. 185, 93(10); *Andrews,* 885 S.W.2d at 267. However, a defendant is not required to file a sworn denial if the plaintiff's suit on a sworn account was not properly pleaded. *See Howard,* 583 S.W.2d at 922; *Price,* 647 S.W.2d at 757–58.

## C. Application of the Law to the Facts

■ Attached to Apostle's petition were four statements addressed to Panditi, dated January 28, 2004, April 2, 2004, May 14, 2004, and July 20, 2004. The statements describe legal services rendered from September 10, 2003 through July 17, 2004. These four statements list the date and type of legal services rendered, the total number of hours spent on those legal services, the total fees for the professional services and expenses, and the total combined amount owed. The last statement dated July 20, 2004, lists the cumulative total fees and expenses owed as $26,684.81. Attached to Apostle's petition was his affidavit which reveals offsets by stating the balance due is $16,334.81:

> The foregoing and annexed account, claim and cause of action in favor of James N. Apostle, in the principle sum of sixteen thousand three hundred thirty four [sic] and 81/100 dollars ($16,334.81), is within the knowledge of affiant, just and true, and that it is due and unpaid and that all just and lawful offsets, payments and credits have been allowed.

Apostle's billing statements and affidavit complied with the requirements of rule 185. *See* Tex.R. Civ. P. 185. As a result, Panditi was required to file a verified denial. *See* Tex.R. Civ. P. 93(10), 185. Panditi did not file a verified denial and he was precluded from denying "the claim, or any item therein." *See* Tex.R. Civ. P. 185. Pursuant to the rules applicable to a sworn account, Apostle presented a prima facie case and was not required to offer additional proof, as argued by Panditi, that the fees and expenses were reasonable and necessary, and assessed at the usual and customary rate.

## III. CONCLUSION

The trial court did not err when it granted summary judgment in favor of Apostle. The trial court's summary judgment is affirmed.