COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-399-CV

 

 

KEITH E. BECKNER                                                                          APPELLANT

 

                                                             V.

 

JOHN R. STOUTIMORE                                                                       APPELLEE

 

                                                       ------------

 

             FROM
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

In a
single issue, Appellant Keith E. Beckner, appearing pro se, appeals the trial
court=s
grant of summary judgment against him in favor of Appellee John R.
Stoutimore.  We affirm.

II. 
Factual and Procedural History








The
genesis of this appeal was (1) a suit on sworn account by Stoutimore to collect
unpaid attorney=s fees in connection with a
divorce action in which he represented Beckner, and (2) Beckner=s
counterclaims relating to the divorce action for AFalse
Statements Made in Court@ and ALack
of Appropriate Representation in Court.@  Stoutimore moved for partial summary judgment
on his suit on sworn account, and the trial court granted it.

Stoutimore
subsequently filed another motion for summary judgment:  (1) a traditional motion for his remaining
claims for attorney=s fees, prejudgment
interest, court costs, and sanctions in connection with the sworn account suit;
and (2) a no-evidence motion on Beckner=s
legal malpractice counterclaim. Beckner did not file a response.

The
trial court signed a final judgment awarding Stoutimore $5,919.90 on his sworn
account suit, $1,275.92 in pre-judgment interest, $3,100.00 as attorney=s
fees in prosecuting the sworn account suit, $684.50 for costs of court, and
post-judgment interest.  The final
judgment included a take-nothing judgment on Beckner=s
counterclaim.  The trial court
subsequently overruled Beckner=s AMotion
to Modify, Correct or Reform Judgment and Partial New Trial@ and
his amended motion, and this appeal followed.

III. 
Summary Judgment








Beckner
posits a single issue:  AStoutimore
testified/conveyed to the 322nd court that his fees were $11,500 and has
testified in the County Court at Law #1 that his fees for that same time period
were $17,095.@[2]

A
pro se litigant is held to the same standards as licensed attorneys and must
comply with applicable laws and rules of procedure.  Renteria v. Myers, No. 02-07-00074-CV,
2008 WL 2078617, at *2 (Tex. App.CFort
Worth May 15, 2008, no pet.) (mem. op.) (citing Mansfield State Bank v.
Colon, 573 S.W.2d 181, 184B85
(Tex. 1978)); see also Wheeler v. Green, 157 S.W.3d 439, 444 (Tex. 2005)
(AWe
certainly agree that pro se litigants are not exempt from the rules of
procedure.@); Williams
v. Capitol County Mut. Fire Ins. Co., 594 S.W.2d 558, 559 (Tex. Civ. App.CFort
Worth 1980, no writ). 








Similarly,
we cannot speculate as to the substance of the specific issue Beckner claims
that we must address.  Renteria,
2008 WL 2078617 at *3 (citing Strange v. Cont=l
Cas. Co., 126 S.W.3d 676, 678 (Tex. App.CDallas
2004, pet. denied), cert. denied, 543 U.S. 1076 (2005)).  We can give no preference to those not
represented by counsel because, were we to do so, we would be abandoning our
role as impartial interpreters of the law and assuming the role as advocates
for pro se litigants.  Id. (citing
Valadez v. Avitia, 238 S.W.3d 843, 845 (Tex. App.CEl
Paso 2007, no pet.)).

We
initially note that Beckner=s
entire argument centers on his theory, presented in his post-trial amended
motion, that Stoutimore supplied Afalse
information for the guidance of others in their business transactions@Cthat
is, that Beckner received less in attorney=s
fees from the jury in his divorce trial than he was entitled to because
Stoutimore did not present evidence supporting the correct amount.[3]  He refers this court to McCamish, Martin,
Brown, & Loeffler v. F.E. Appling Interests, 991 S.W.2d 787 (Tex.
1999), to support his argument.

McCamish, in
which the supreme court held that section 552 of the Restatement (Second) of
Torts applies to lawyers, is inapposite. 
See id. at 789, 791. 
Section 552 states:

One
who, in the course of his business, profession or employment, or in any
transaction in which he has a pecuniary interest, supplies false information
for the guidance of others in their business transactions, is subject to
liability for pecuniary loss caused to them by their justifiable
reliance upon the information, if he fails to exercise reasonable care or
competence in obtaining or communicating the information. 

 








Id.
(setting out section 552 of the Restatement (Second) of Torts) (emphasis
added).  Although Beckner argues that AStoutimore
conveyed false information that was used in the determination of a property
division@Cthat
is, the amount of attorney=s
fees Beckner was entitled to in his divorce actionCwe
have found no cases in which section 552 has been held to apply to the Atransactions@ by
a judge or jurors in determining fact questions.[4]

Stoutimore
interpreted Beckner=s counterclaims as a
professional malpractice claim, and Beckner acknowledges them as such in his
brief, stating that he Afiled a counter-claim
alleging attorney malpractice.@  See Tex. R. App. P. 38.1(g).  The elements of a legal malpractice claim are
that (1) the attorney owed the plaintiff a duty; (2) the attorney breached that
duty; (3) the breach proximately caused the plaintiff=s
injuries; and (4) damages occurred.  Belt
v. Oppenheimer, Blend, Harrison & Tate, Inc., 192 S.W.3d 780, 783 (Tex.
2006). Stoutimore moved for a no-evidence summary judgment on the grounds that
there was no evidence that he breached his duty to Beckner and no evidence that
the breach, if any, proximately caused damages.








After
an adequate time for discovery, the party without the burden of proof may,
without presenting evidence, move for summary judgment on the ground that there
is no evidence to support an essential element of the nonmovant=s
claim or defense.  Tex. R. Civ. P.
166a(i).  The motion must specifically
state the elements for which there is no evidence.  Id.; Timpte Indus., Inc. v. Gish,
286 S.W.3d 306, 310 (Tex. 2009).  The
trial court must grant the motion unless the nonmovant produces summary
judgment evidence that raises a genuine issue of material fact.  See Tex. R. Civ. P. 166a(i) &
cmt.; Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008).  If the nonmovant brings forward more than a
scintilla of probative evidence that raises a genuine issue of material fact,
then a no-evidence summary judgment is not proper.  Smith v. O=Donnell,
288 S.W.3d 417, 424 (Tex. 2009).

As
previously noted, Beckner did not respond to Stoutimore=s
no-evidence motion.  See Hamilton,
249 S.W.3d at 426 (stating that the trial court must grant a no-evidence motion
for summary judgment unless the nonmovant produces summary judgment evidence
raising a genuine issue of material fact). 
Furthermore, Beckner notes in his appellate brief that, with regard to
his allegation that Stoutimore conveyed false information that was used in the
property division determination, A[i]t
is not possible to determine how this affected the outcome of the property
division made by the jurors and the judge.@  Based on the record before us, we cannot say
that the trial court erred by granting Stoutimore=s
no-evidence motion for summary judgment. 
We overrule Beckner=s
single issue.

IV. 
Conclusion

Having
overruled Beckner=s single issue, we affirm
the trial court=s judgment. 

 








BOB MCCOY

JUSTICE

 

PANEL:  GARDNER and MCCOY, JJ.; and WILLIAM BRIGHAM
(Senior Justice, Retired, Sitting by Assigment).

 

DELIVERED:  July 1, 2010











[1]See Tex. R. App. P.
47.4.





[2]In his statement of
facts, Beckner clarifies that the $11,500 is the amount of attorney=s fees that
Stoutimore allegedly conveyed to the trial court and jury during Beckner=s divorce trial as
the amount of Beckner=s attorney=s fees and that the
$17,095 is the amount of attorney=s fees that Stoutimore actually sought for
services through the last day of Beckner=s divorce trial.





[3]Beckner does not
contest the portion of the trial court=s judgment awarding Stoutimore the amount
that Stoutimore requested in his suit on sworn account ($5,919.90).  We note, in any event, that the record does
not reflect that Beckner ever filed a verified denial to Stoutimore=s suit on sworn
account, and Stoutimore=s pleadings appear
sufficient on their face to constitute a sworn account.  See Panditi v. Apostle, 180 S.W.3d
924, 926 (Tex. App.CDallas 2006, no pet.)
(AWhen a defendant
fails to file a sworn denial, a court of appeals is limited in what it can
consider to set aside a summary judgment on a sworn account because the
defendant will not be permitted to dispute the plaintiff=s claim.@).





[4]Furthermore, we doubt
that any such cases exist, as it would be impossible to show that reliance by a
judge or jurors would cause pecuniary loss to them.  See id.