

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-399-CV

KEITH E. BECKNER                                                    APPELLANT

V.

JOHN R. STOUTIMORE                                                    APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In a single issue, Appellant Keith E. Beckner, appearing pro se, appeals the trial court's grant of summary judgment against him in favor of Appellee John R. Stoutimore. We affirm.

### II. Factual and Procedural History

---

[1] See Tex. R. App. P. 47.4.

The genesis of this appeal was (1) a suit on sworn account by Stoutimore to collect unpaid attorney's fees in connection with a divorce action in which he represented Beckner, and (2) Beckner's counterclaims relating to the divorce action for "False Statements Made in Court" and "Lack of Appropriate Representation in Court." Stoutimore moved for partial summary judgment on his suit on sworn account, and the trial court granted it.

Stoutimore subsequently filed another motion for summary judgment: (1) a traditional motion for his remaining claims for attorney's fees, prejudgment interest, court costs, and sanctions in connection with the sworn account suit; and (2) a no-evidence motion on Beckner's legal malpractice counterclaim. Beckner did not file a response.

The trial court signed a final judgment awarding Stoutimore $5,919.90 on his sworn account suit, $1,275.92 in pre-judgment interest, $3,100.00 as attorney's fees in prosecuting the sworn account suit, $684.50 for costs of court, and post-judgment interest. The final judgment included a take-nothing judgment on Beckner's counterclaim. The trial court subsequently overruled Beckner's "Motion to Modify, Correct or Reform Judgment and Partial New Trial" and his amended motion, and this appeal followed.

### III. Summary Judgment

Beckner posits a single issue: "Stoutimore testified/conveyed to the 322nd court that his fees were $11,500 and has testified in the County Court at Law #1 that his fees for that same time period were $17,095."[2]

A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Renteria v. Myers*, No. 02-07-00074-CV, 2008 WL 2078617, at *2 (Tex. App.—Fort Worth May 15, 2008, no pet.) (mem. op.) (citing *Mansfield State Bank v. Colon*, 573 S.W.2d 181, 184–85 (Tex. 1978)); *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) ("We certainly agree that pro se litigants are not exempt from the rules of procedure."); *Williams v. Capitol County Mut. Fire Ins. Co.*, 594 S.W.2d 558, 559 (Tex. Civ. App.—Fort Worth 1980, no writ).

Similarly, we cannot speculate as to the substance of the specific issue Beckner claims that we must address. *Renteria*, 2008 WL 2078617 at *3 (citing *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied), *cert. denied*, 543 U.S. 1076 (2005)). We can give no preference to those not represented by counsel because, were we to do so, we would be abandoning our role as impartial interpreters of the law and assuming the role as advocates for pro

---

[2] In his statement of facts, Beckner clarifies that the $11,500 is the amount of attorney's fees that Stoutimore allegedly conveyed to the trial court and jury during Beckner's divorce trial as the amount of Beckner's attorney's fees and that the $17,095 is the amount of attorney's fees that Stoutimore actually sought for services through the last day of Beckner's divorce trial.

se litigants. *Id.* (citing *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)).

We initially note that Beckner's entire argument centers on his theory, presented in his post-trial amended motion, that Stoutimore supplied "false information for the guidance of others in their business transactions"—that is, that Beckner received less in attorney's fees from the jury in his divorce trial than he was entitled to because Stoutimore did not present evidence supporting the correct amount.[3] He refers this court to *McCamish, Martin, Brown, & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787 (Tex. 1999), to support his argument.

*McCamish*, in which the supreme court held that section 552 of the Restatement (Second) of Torts applies to lawyers, is inapposite. *See id.* at 789, 791. Section 552 states:

> One who, in the course of his business, profession or employment, or in any transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss *caused to them* by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

---

[3] Beckner does not contest the portion of the trial court's judgment awarding Stoutimore the amount that Stoutimore requested in his suit on sworn account ($5,919.90). We note, in any event, that the record does not reflect that Beckner ever filed a verified denial to Stoutimore's suit on sworn account, and Stoutimore's pleadings appear sufficient on their face to constitute a sworn account. *See Panditi v. Apostle*, 180 S.W.3d 924, 926 (Tex. App.—Dallas 2006, no pet.) ("When a defendant fails to file a sworn denial, a court of appeals is limited in what it can consider to set aside a summary judgment on a sworn account because the defendant will not be permitted to dispute the plaintiff's claim.").

*Id.* (setting out section 552 of the Restatement (Second) of Torts) (emphasis added).

Although Beckner argues that "Stoutimore conveyed false information that was used in the determination of a property division"—that is, the amount of attorney's fees Beckner was entitled to in his divorce action—we have found no cases in which section 552 has been held to apply to the "transactions" by a judge or jurors in determining fact questions.[4]

Stoutimore interpreted Beckner's counterclaims as a professional malpractice claim, and Beckner acknowledges them as such in his brief, stating that he "filed a counter-claim alleging attorney malpractice." *See* Tex. R. App. P. 38.1(g). The elements of a legal malpractice claim are that (1) the attorney owed the plaintiff a duty; (2) the attorney breached that duty; (3) the breach proximately caused the plaintiff's injuries; and (4) damages occurred. *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 783 (Tex. 2006). Stoutimore moved for a no-evidence summary judgment on the grounds that there was no evidence that he breached his duty to Beckner and no evidence that the breach, if any, proximately caused damages.

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or

---

[4] Furthermore, we doubt that any such cases exist, as it would be impossible to show that reliance by a judge or jurors would cause pecuniary loss *to them*. *See id.*

defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

As previously noted, Beckner did not respond to Stoutimore's no-evidence motion. *See Hamilton*, 249 S.W.3d at 426 (stating that the trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact). Furthermore, Beckner notes in his appellate brief that, with regard to his allegation that Stoutimore conveyed false information that was used in the property division determination, "[i]t is not possible to determine how this affected the outcome of the property division made by the jurors and the judge." Based on the record before us, we cannot say that the trial court erred by granting Stoutimore's no-evidence motion for summary judgment. We overrule Beckner's single issue.

## IV. Conclusion

Having overruled Beckner's single issue, we affirm the trial court's judgment.

6

BOB MCCOY
JUSTICE

PANEL:  GARDNER and MCCOY, JJ.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assigment).

DELIVERED:  July 1, 2010