**Reverse and Render and Opinion Filed July 11, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

———————————————————

**No. 05-10-01349-CV**
———————————————————

**HARRIS, N.A., Appellant**

**V.**

**EUGENIO OBREGON, Appellee**

═══════════════════════════════════════════════════════

**On Appeal from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. CC-07-10765-A**

═══════════════════════════════════════════════════════

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Richter[1]
Opinion by Justice Bridges

Appellant Harris, N.A. appeals from the trial court's order dismissing its case for want of prosecution. In two issues, Harris alleges the trial court erred in: (1) failing to enter a default judgment in its favor and refusing to set its May 10, 2010 motion for default judgment for hearing and (2) dismissing the case for want of prosecution. We reverse and remand this case to the trial court with instructions to render judgment in favor of Harris on its claims for damages, attorney's fees, and to determine pre- and post-judgment interest.

**Background**

---

[1] The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

This case was previously before us in 2009. *See Harris N.A. v. Eugenio Obregon*, No. 05-07-01647-CV, 2009 WL 4263815 (Tex. App.—Dallas Dec. 1, 2009, no pet.) ("*Harris '09*"). In that case, the trial court had also dismissed the case for want of prosecution. On appeal, Harris complained of the trial court's failure to render default judgment in its favor or set its motion for hearing. In our *Harris '09* opinion, we concluded the trial court did not err in refusing to render default judgment in favor of Harris because its case was not adequately pleaded. *See id.* at *2. We also declined to address the trial court's failure to conduct a hearing due to the lack of authorities cited by Harris. *See id.* We did, however, address its first and third issues in which Harris complained the trial court erred by dismissing its case for want of prosecution. Because the trial court did not give appellant adequate notice of the court's intent to dismiss the case, we reversed and remanded the cause to the trial court. *See id.* at *3.

Within three days of this Court's February 22, 2010 issuance of mandate in *Harris '09*, the trial court forwarded a letter to appellant's counsel setting the case for dismissal hearing on June 25, 2010. The letter stated as follows:

> If no answer has been filed, or if the answer filed is insufficient as a matter of law to place any of the facts alleged in your petition in issue, you will be expected to have moved for, and to have heard, a summary judgment or to have proved up a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on or after the above date.

The letter further explained that "[i]n no event will live witnesses be required unless the default prove-up is for an un-liquidated claim. Liquidated claims and attorney's fees may be proved up by affidavit with a form of judgment."

Appellant filed its first amended petition on April 29, 2010. The amended petition alleged that Obregon entered into a retail installment contract and security agreement ("Contract") with Rodeo Ford to buy a motor vehicle from Rodeo Ford. In *Harris '09*, this Court determined that,

although the Contract reflected the contracting parties were Obregon and Rodeo Ford, Harris failed to allege in its original petition that it loaned the purchase money to Obregon or that Rodeo Ford assigned the debt to Harris. *See Harris*, 2009 WL 4263815 at *3.

The first amended petition cured the defect we mentioned in *Harris '09*. The first amended petition alleged that "Rodeo Ford, for valuable consideration, assigned the Contract to [Harris]." Therefore, the first amended petition established Harris is the possessor of the contract and the obligations of Obregon as set forth therein. The Contract and an affidavit of account, dated April 20, 2010, were also attached to the amended petition. The affidavit stated a total balance of $7,287.68 was due and payable by Obregon to Harris, and that demand for payment was made more than thirty days ago. Further, the affidavit stated that all just and lawful offsets, payments, and credits to Obregon's account had been allowed. The certificate of service for the amended petition stated it was served upon Obregon in compliance with Texas Rule of Civil Procedure 21a. Obregon did not file an answer.

On May 10, 2010, Harris filed its motion for default judgment.[2] In support of its motion, appellant attached the following: (1) the transmittal letter to the clerk of the trial court, filing first amended petition; (2) the United States Postal Service green card, showing receipt of the first amended petition by Obregon; (3) a copy of the first amended petition; (4) the affidavit of account, attached to the amended petition; (5) a copy of the contract at issue, attached to the petition; (6) a certificate of last known mailing address for Obregon; (7) a non-military affidavit; and (8) the affidavit of Alan B. Padfield in support of attorney's fees. Padfield's affidavit states, in pursuing this claim against Obregon, he has "incurred reasonable and necessary attorney's fees in the

---

[2] During the hearing on its motion to reinstate, counsel for Harris acknowledged that the title of the motion did not reflect that it was actually an "amended" motion for default judgment.

amount of $7,000.00" and elaborates upon the work he has done in this case.

On May 14, 2010, Harris forwarded to the trial court a copy of this Court's judgment and opinion issued in *Harris '09*. The letter asked the clerk of the trial court to "[p]lease present to the Judge for consideration of the Motion for Entry of Default Judgment."

On June 15, 2010, Harris filed its motion to retain the case on the court's docket. In its motion, Harris noted the case was still set for a dismissal hearing on June 25, 2010 as stated in the trial court's February 25 letter. The motion to retain reiterated that no answer had been filed by Obregon and that Harris filed and moved for default judgment against Obregon. Harris also stated it had requested a hearing from the trial court on its motion for default judgment. Further, in the motion to retain, Harris indicated its requests for hearing on the motion for default judgment had been refused by the court coordinator since the trial court did not set such motions unless the trial court deemed it necessary. Harris noted its motion for default judgment had not yet been ruled upon and that the deadline for the trial court's dismissal hearing was quickly approaching. Thus, Harris asked the trial court to set its motion to retain for hearing and grant such motion, allowing time to have the motion for default granted.

On June 16, 2010, counsel for Harris sent a letter to the clerk of the court, outlining its understanding of the status of the case on the trial court's docket as follows:

> This Notice of Hearing [on Harris's motion to retain] was provided to [Harris] on June 15, 2010 and at that time, [Harris] was notified by the Clerk of Court at Law Number One, Dallas County, Texas, that the dismissal hearing in this case, set for June 25, 2010, would be removed as a result of the filing of Plaintiff's Motion to Retain and the setting of hearing on same. Therefore, Plaintiff understands that the dismissal hearing scheduled for June 25, 2010 at 9:00 a.m. in Dallas County Court at Law Number One is moot and will be removed as a result of the July 16, 2010 hearing on Plaintiff's Motion to Retain.

Next, the record includes a letter from Harris's counsel to the trial court clerk, dated July 7,

2010. In that letter, counsel stated that the court coordinator for the trial court notified counsel that Harris's motion for default judgment was denied because Harris had filed a motion to retain. Although counsel respectfully disagreed with the trial court's decision to deny its motion for default judgment, counsel requested that the trial court sign an order reflecting its decision to deny the motion.

Instead, on July 26, 2010, the trial court signed an order of dismissal for the following reasons: (1) failure to take action after notice of intent to dismiss for want of prosecution (in accordance with rule 165a letter) and (2) dismiss for want of prosecution.

On July 27, 2010, counsel for Harris delivered a letter to the trial judge. In that letter, Harris's counsel outlined the history of the case and requested the trial court to set its motion to retain for hearing. The record does not include an order on the motion to retain.

On August 24, 2010, Harris filed its motion to reinstate and request for oral hearing. The hearing on the motion to reinstate was held on September 7, 2010. During the course of the hearing, the trial court asked trial counsel for Harris whether an amended motion for default judgment had been filed. The trial court ended the hearing by taking the motion to reinstate under advisement, but the record does not include an order on the motion. This appeal ensued from the trial court's failure to enter a default judgment and its subsequent dismissal of appellant's case.

**Analysis**

In its first issue, Harris argues the trial court erred in failing to enter a default judgment in its favor and in refusing to set its May 10, 2010 motion for default judgment for hearing to allow for prove-up of liquidated damages under rule 243 of the Texas Rules of Civil Procedure. We review the denial of a default judgment for abuse of discretion. *Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.). "With respect to factual

matters, a trial court abuses its discretion if, under the record, it reasonably could have reached only one decision and it failed to do so. However, because a trial court has no discretion in determining what the law is or applying the law to the facts, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Moroch v. Collins,* 174 S.W.3d 849, 864-65 (Tex. App.—Dallas 2005, pet. denied) (citations omitted). "Another way of stating the test is whether the act was arbitrary or unreasonable." *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex. 1985).

A plaintiff may seek a default judgment if the time has passed for the defendant to answer, the defendant has not answered, and the citation with the officer's return has been on file with the clerk for ten days. *See* TEX. R. CIV. P. 107, 239. In a no-answer default judgment, the failure to file an answer operates as an admission of the material facts alleged in the petition, except as to unliquidated damages. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex. 1992). A claim for damages is liquidated if the amount of damages can accurately be calculated by the court from the factual, as opposed to the conclusory allegations in the petition and written instruments. *Aavid Thermal Tech. v. Irving Sch. Dist.*, 68 S.W.3d 707, 711 (Tex. App.—Dallas 2001, no pet.); *see also Novosad v. Cunningham,* 38 S.W.3d 767, 773 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (suit to recover amount due for professional services was liquidated claim proved by written instruments where plaintiff attached original instruments to verified petition and motion for default judgment). When damages are unliquidated, the judge must "hear" evidence on the damages. *See Argyle Mech., Inc. v. Unigus Steel, Inc.,* 156 S.W.3d 685, 687 (Tex. App.—Dallas 2005, no pet.); *see also* TEX. R. CIV. P. 243. In contrast, "if the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court, or under its direction, and final judgment shall be rendered therefor. . . ." TEX. R. CIV. P. 241; *see Mantis v. Resz*, 5 S.W.3d

388, 392 (Tex. App.—Fort Worth 1999, pet. denied) (in suit on sworn account, petition with attached sworn account and verified affidavit of sworn account was liquidated claim proved by written instruments), *overruled in part on other grounds by Sheldon v. Emergency Med. Consulting, I, P.A.*, 43 S.W.3d 701, 701-02 n.2 (Tex. App.—Fort Worth 2001, no pet.).

Here, the pleadings provide the requisite factual allegations to prove Harris's claim for suit on sworn account. A suit on a sworn account is "a procedural tool that limits the evidence necessary to establish a prima facie right to recovery on certain types of accounts." *Williams v. Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 234 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Suits on sworn accounts are governed by Texas Rule of Civil Procedure 185. *See* TEX. R. CIV. P. 185. "Rule 185 is not a rule of substantive law. Rather it is a rule of procedure regarding the evidence necessary to establish a prima facie right of recovery." *Panditi v. Apostle*, 180 S.W.3d 924, 926 (Tex. App.—Dallas 2006, no pet.). Rule 185 defines an open account to include any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties. *See* TEX. R. CIV. P. 185. Under rule 185, a plaintiff's petition on a sworn account must contain a systematic, itemized statement of the goods or services sold, reveal offsets made to the account, and be supported by an affidavit stating the claim is within the affiant's knowledge, and that it is "just and true." *Id.*; *see Panditi*, 180 S.W.3d at 926. If a party resisting such claim does not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein. TEX. R. CIV. P. 185. In other words, a defendant's noncompliance with rule 185 conclusively establishes that there is no defense to the suit on the sworn account. *See Enernational Corp. v. Exploitation Eng'rs, Inc.*, 705 S.W.2d 749, 750 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

Recovery under suit on sworn account requires proof of (1) the sale and delivery of

merchandise or performance of services; (2) that the amount of the account is "just," that is, the prices charged are pursuant to an express agreement, or in the absence of an agreement, that the charges are usual, customary, or reasonable; and (3) that the outstanding amounts remain unpaid. *See Powers v. Adams,* 2 S.W.3d 496, 499 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

The first amended petition alleges that, in exchange for a motor vehicle, Obregon entered into the Contract with Rodeo Ford.   The petition further alleges Rodeo Ford assigned the Contract to Harris for valuable consideration and that Harris is the holder in due course of the Contract. The petition continues that Harris has accelerated the maturity of the Contract in accordance with its terms and the unpaid balance owed on Obregon's account is $7,287.68.   In accordance with the trial court's February 25, 2010 order, the Contract, an affidavit of account, and an attorney's fee affidavit are attached to the amended petition.   The affidavit of account stated that all just and lawful offsets, payments, and credits to Obregon's account had been allowed.   Finally, the first amended petition states numerous demands for payment have been made on Obregon, but he has failed and refused to pay.   Because the requisite factual allegations are included in the first amended petition, we conclude Harris met the requirements for asserting a suit on sworn account under rule 185.   *See* TEX. R. CIV. P. 185; *Panditi*, 180 S.W.3d at 926.   When Obregon failed to answer Harris' suit on sworn account, the trial court erred in refusing to grant a default judgment to Harris in this case.   *See Moroch v. Collins,* 174 S.W.3d 849, 864-65; TEX. R. CIV. P. 239.   We sustain appellant's first issue.[3]

In its second issue, Harris contends the trial court erred in dismissing its case for want of prosecution.   We review a dismissal for want of prosecution for abuse of discretion.   *Crown*

---

[3] In his first issue, Harris also complains about the trial court's refusal to grant a hearing on its motion for default judgment.   However, because the first amended petition presented a claim for liquidated damages and attached the requisite proof, no hearing on the motion for default judgment is necessary.   *See Aavid*, 68 S.W.3d at 711.

*Asset Mgmt., L.L.C. v. Loring*, 294 S.W.3d 841, 844 (Tex. App.—Dallas 2009, pet. denied) (en banc). Harris argues the trial court abused its discretion by dismissing its case in spite of its diligence in pursuing the case and without giving Harris an opportunity to be heard. The supreme court has held that "a party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either Rule 165a or its inherent authority." *Villareal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).

As to whether Harris was denied an opportunity to be heard, the record indicates the trial court dismissed Harris's case for want of prosecution on July 26, 2010, without providing Harris notice or an opportunity to be heard. However, Harris ultimately received notice and an opportunity to be heard in connection with its motion to reinstate; therefore, Harris was not harmed by the lack of notice and a hearing on the motion to dismiss. *Polk v. S.W. Crossing Homeowner's Ass'n*, 165 S.W.3d 89, 95 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

As to Harris's due diligence, the record provides evidence of Harris's due diligence in attempting to prosecute its case. *See Villareal*, 994 S.W.2d at 630 (the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute its case with due diligence). As directed by the trial court's February 25, 2010 order, Harris filed its first amended petition on April 29, 2010 and corrected the defect this Court had found in *Harris '09.* Harris further complied with the trial court's February 25 order by proving up its liquidated claims and attorney's fees by affidavit. When Obregon failed to answer, Harris filed its motion for default judgment. As discussed above, the record demonstrates Harris then filed multiple motions and letters in an attempt to prosecute its case. At the hearing on Harris's motion to reinstate, however, the trial court stated that it did not "have an obligation to go searching through the file to find an amended petition." However, a search of the court's file

would be unnecessary since the petition is labeled "amended." Second, the May 10, 2010 motion for default judgment is the only motion for default judgment filed upon remand. In light of Harris's diligence in prosecuting its case, we conclude the trial court erred in dismissing Harris's case for want of prosecution. *See Villareal*, 994 S.W.2d at 630. We sustain appellant's second issue.

Having sustained appellant's two issues, we reverse the decision of the trial court and remand this case to the trial court to render judgment in Harris's favor for $7,287.68 in damages and $7,000.00 in attorney's fees, and, in addition, to determine pre- and postjudgment interest. *See Oliphant Financial, L.L.C. v. Galaviz*, 299 S.W.3d 829, 840 (Tex. App.—Dallas 2009, no pet.) (citing TEX. R. APP. P. 43.2(c), (d) (court of appeals may reverse the trial court's judgment and render judgment in whole or in part, or may reverse the trial court's judgment and remand the cause for further proceedings)).

101349F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

HARRIS N.A., Appellant

No. 05-10-01349-CV      V.

EUGENIO OBREGON, Appellee

On Appeal from the County Court at Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-07-10765-A.
Opinion delivered by Justice Bridges.
Justices Francis and Richter participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:
     the trial court is ORDERED to render judgment in favor of Harris N.A. for $7,287.68 in damages and $7,000 in attorney's fees and determine pre- and post-judgment interest..
     It is **ORDERED** that appellant HARRIS N.A. recover its costs of this appeal from appellee EUGENIO OBREGON.


Judgment entered July 12, 2013



/David L. Bridges/
DAVID L. BRIDGES
JUSTICE